384 So.2d 746 (1980)
Marvin D. BAKER, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. UU-151.
District Court of Appeal of Florida, First District.
June 13, 1980.
*747 Marvin D. Baker, pro se for petitioner.
No appearance for respondent.
PER CURIAM.
This cause is before us as a petition for an extraordinary remedy. Petitioner requests review of the proceedings of the Florida Parole and Probation Commission in determining petitioner's presumptive parole release date. This Court, pursuant to Rule 9.040(c), Fla.R.App.P., treats petitioner's claim as one for mandamus. See Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla. 1974).
The Objective Parole Criteria used to determine a presumptive release date is basically a two-part system. The first part consists of fairly routine calculations. The inmate's prior history of crime or terms in prison [prison criminal history] are converted to a numerical value or "salient factor score". Rule 23-19.04, Florida Administrative Code. This score is then charted against the type of crime for which the inmate was most recently sentenced, termed the "offense characteristic", Rule 23-19.01, to arrive at a matrix range, Rule 23-19.05. A hearing examiner panel of the Commission recommends a time within this range. The establishment of a date within this range allows for relatively little discretion. The only discretion that should be exercised occurs in the determination of where within the limited range the prisoner's release date will fall. The second part of the Objective Parole Criteria primarily concerns decisions beyond the matrix range. The Florida Statutes and the Commission rules allow the Commission, upon proper showing of "good cause", to go outside the calculated guidelines and extend an inmate's term by reason of aggravating circumstances far beyond the length of time his salient factor score and offense characteristic rating indicate he should serve.
Petitioner claims that the Commission has provided him with no reasons for its decision to choose the longest term of months in its guidelines matrix range to apply to petitioner. He further asserts that when the Commission determined his matrix range using armed robbery as the offense characteristic, it was precluded from extending petitioner's term for the aggravating factor of "shots fired" as this is using the same factor  use of a weapon  to determine the initial matrix range as well as to "aggravate" beyond that range, in violation of Section 947.165(1), Florida Statutes (1979).
This Court finds petitioner's first contention has little merit. Chapter 947 of Florida Statutes does not explicitly require the Parole and Probation Commission to explain in writing its choice of terms within the Guidelines. Only if a factor influences the Commission to aggravate an inmate's term beyond the Guidelines must a written explanation of that factor be given. Sections 947.172(2), (3), Florida Statutes (1979); Department of Parole and Probation Commission Rules, Ch. 23-19, Objective Parole *748 Criteria Rule 23-19.01, Florida Administrative Code ("Guidelines").
Petitioner's second claim deserves closer examination. Section 947.165(1) states in relevant part: "Factors used in arriving at the salient factor score and the severity of offense behavior category shall not be applied as aggravating circumstances." This is, in part, why the reason for a decision outside the Guidelines requires a "statement in writing ... specifying individual particularities." Section 947.172(2), (3). The statement of particularities should clearly let the inmate know why he was aggravated. In the instant case, the explanation was simply "shots fired  six months".
The first task in reviewing a case of this kind is to look specifically to whether the explanation of the aggravating circumstances is sufficient to satisfy the statutory requirement. If the explanation proves to be sufficient, this Court may then determine if any statutes or Guideline rules were violated when each particular aggravating factor was applied. Absent a violation of any statute or rule, this Court can review no further under mandamus, as the writ will not lie in any review by this Court of the discretionary acts of the Commission. Moore v. Parole and Probation Commission, supra; Solomon v. Sanitarians' Registration Board, 155 So.2d 353 (Fla. 1963).
The written explanation, containing "individual particularities", serves a number of purposes. The Commission Guidelines require that an inmate be given an opportunity to respond to aggravating factors under consideration by the hearing examiner panel. Rule 23-19.01(1). Clearly no adequate response can be posed to the Commission if the inmate is not clearly informed concerning the aggravation to which he is responding. The Guidelines further require that allegations which are vague, unsupported or come from an unreliable source are not to be considered as aggravating factors. Id. In addition, charges for which an inmate was acquitted after trial are not to be used in aggravation. Rule 23-19.01(2). These are valuable protections afforded an inmate, as various rules of evidence which prohibit the use of probative evidence at criminal trials may have no application to parole hearings. Unsubstantiated hearsay and vague allegations may often be contained in a presentence investigation report used by the Commission which the inmate generally has the opportunity neither to review nor rebut. An adequate explanation is thus imperative to determine the basis of any aggravation and prevent the improper use of certain factors. Furthermore, § 947.173, Florida Statutes, allows an inmate to request review of his presumptive parole release date if he "... shows cause in writing, with individual particularities... ." Without a sufficient explanation by the Commission concerning the particular reasons for an inmate's aggravation, he has little to work with in appealing the Commission's original decision, thus severely limiting the effective use of appeal.
It is clear that the statutory provisions and the Commission's own rules indicate the significance and necessity of an adequate explanation of any and all factors considered by the Commission in extending an inmate's term, by reason of aggravating circumstances, beyond the Guideline matrix range. Precisely what degree of specificity is adequate will vary greatly from case to case. However, in all cases, (1) the Commission must at least distinguish the aggravating circumstances relied on from factors which determine the offense characteristic and, if the offense is not specifically listed in the Guidelines, it too must be explained by the Commission sufficiently to indicate the basis of comparison with an offense listed, Rule 23-19.05; (2) the Commission must distinguish the aggravating circumstances from the factors used in computing the salient factor score; and (3) the explanation must be adequate to afford an inmate insight into why his term to be served was aggravated beyond the matrix range. An explanation meeting the above criteria should allow an inmate and a reviewing court to determine that the case received individualized consideration and the presumptive parole release date was established *749 within the boundaries the statutes and Guidelines placed upon the Commission's discretion.
Returning to the aggravating factor in the case before us, "shots fired", we find this explanation meets the above criteria. While two words would in most cases be wholly insufficient to afford an inmate insight into precisely why his term prior to parole was aggravated, this particular case appears to be an exception to that rule. "Shots fired" is a very telling phrase. The possibility of serious bodily injury or death is clearly greater when shots are fired from a weapon than the simple term armed robbery would indicate. The actual use of a gun is more serious than the threat of its use, and aggravating for such a circumstance, clearly not an abuse of discretion, appears to be satisfactorily explained with this simple phrase. While petitioner is correct in claiming that the aggravating circumstance of "shots fired" necessarily includes the use of a weapon, his argument that the shots have thus already been calculated in his original matrix is not a valid one, as the logic obviously flow only one way. The use of a weapon as an element in armed robbery does not necessarily include "shots fired". Thus, the aggravation is not cumulative to the offense characteristic matrix calculation.
For the reasons stated above, this Court finds that the actions of the Florida Parole and Probation Commission did not violate Chapter 947, Florida Statutes, nor were they inconsistent with the Commission's established Guidelines. Accordingly, this petitioner can be granted no relief and his petition is dismissed.
ROBERT P. SMITH, Jr., ERVIN and SHIVERS, JJ., concur.