386 So.2d 295 (1980)
Arthur BATTIS, Jr., Reginald Payne and Earl Bernard Sutton, Petitioners,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
Nos. UU-459, UU-395 and UU-457.
District Court of Appeal of Florida, First District.
July 24, 1980.
*296 Arthur Battis, Jr., pro se.
Reginald Payne, pro se.
Earl Bernard Sutton, pro se.
Michael H. Davidson, Gen. Counsel, Florida Parole and Probation Commission, Tallahassee, for respondent.
PER CURIAM.
The petitioners seek relief from the commission's failure to act in setting their presumptive parole release dates. Like petitions have been presented to the court with increasing frequency, and counsel for the respondent admits that without direction from this court the commission is unable to chart a course out of what is perceived as an insoluble dilemma.
Section 947.16, Florida Statutes, provides that every person who has been convicted of a felony or who has been convicted of one or more misdemeanors and whose sentence or cumulative sentences total 12 months or more, who is confined in execution of the judgment of the court, and whose record during confinement is good, shall, unless otherwise provided by law, be eligible for consideration for parole. An inmate who has been sentenced for an indeterminate term or a term of 5 years or less shall have an initial interview conducted within 6 months after the initial date of confinement and an inmate who has been sentenced for a minimum term in excess of 5 years shall have an initial interview conducted within a year after the initial date of confinement. An inmate convicted of a capital crime shall be interviewed at the discretion of the commission. The statute further provides that an initial hearing may be postponed for a period not to exceed 60 days for good cause noted in writing and included in the official record, but in no case shall such postponement result in a hearing being conducted any time later than one year after the initial date the inmate is confined, except in specifically enumerated instances. Within 45 days after any interview for parole the inmate shall be advised of the presumptive parole release date which date shall not be changed, except for reasons of institutional conduct or the acquisition of new information not available at the time of the initial interview.
Chapter 947 of Florida Statutes directs the Florida Parole and Probation Commission to develop and implement objective parole criteria upon which a presumptive parole release date for each inmate is established. The commission asserts that in order to apply the objective parole criteria promulgated pursuant to the legislative command, the commission must be in possession of sufficient information upon which to evaluate the inmate. Our attention is directed to § 947.002(2), Florida Statutes, wherein the legislature advises that "objective parole criteria will be designed to give primary weight to the seriousness of the offender's present criminal offense and his past criminal record." The salient factors score system developed by the commission in an effort to facilitate objective standards is derived by converting certain offender characteristics into numerical values. The highest salient factor score obtainable in the present system is 11 points, based upon seven categories of offender characteristics. These categories encompass (1) the number of all prior convictions, (2) the number of prior incarcerations, (3) the total time an inmate has already served in years, (4) the age of an inmate at first commitment, (5) the number of prior parole revocations or MCR revocations, (6) the number of prior escapes, and (7) whether burglary is the present offense of conviction. A salient *297 score of zero is the most favorable category, indicating in actuarial terms that the risk of an inmate violating the terms of any subsequent parole is slight.
Section 947.18, Florida Statutes (1979), states in pertinent part "that no person shall be placed on parole until and unless the commission shall find that there is reasonable probability that, if he is placed on parole, he will live and conduct himself as a respectable and law-abiding person and that his release will be compatible with his own welfare and the welfare of society." The respondent argues that this section of the Florida Statutes is equally mandatory and entitled to the same dignity as those portions of the statutes requiring the assignment of a presumptive parole release date. Counsel for the respondent asserts that the pre- and post-sentence investigation report is the only document in the Florida criminal justice system that can supply the needed information, and only the Department of Corrections has the authority and resources to prepare such a report. Counsel argues that the department has no legal obligation to supply the commission with the report except as required by the sentencing court.[1] In our judgment such a report, while undoubtedly helpful, is not indispensable to the establishment of a presumptive parole release date. In absence of the document the commission is nevertheless obligated to evaluate each inmate by considering whatever information is available such as FBI or FDCLE rap sheets, imposed judgments and sentences, reports concerning the inmate's conduct while incarcerated, and recommendations of the trial judge. While it is true that there is no absolute right to parole, the Florida Legislature has mandated the setting of a presumptive parole release date by the Florida Parole and Probation Commission. §§ 947.16; 947.172, Florida Statutes. When the commission without adequate reason fails to so act, it is answerable in mandamus. Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla. 1974).
To embrace the commission's argument would mean that the lack of a post-sentence or pre-sentence report, which admittedly might never be supplied to the commission, would indefinitely postpone further consideration of a presumptive parole release date. The practical application of this reasoning is vividly demonstrated in the case of Battis.[2] Despite what we perceive as a *298 clear legislative mandate, the commission's position is such that without the information it deems necessary an inmate may never be given a presumptive parole release date. This position simply fails to take into consideration the realities of the Florida penal system. The indefinite postponement of parole consideration based on the lack of a particular report, not mandated by the statute, would appear to be both unreasonable and in direct violation of Chapter 947, Florida Statutes.
The requirement of Chapter 947, Florida Statutes, that there be objective parole criteria, and the Commission's rules adopted in response to that requirement, lead us to the following conclusions:
1. Salient Factor Score:[3] Where the Commission has no information as to the inmate's criminal history prior to the offense for which he is presently incarcerated, he must be assigned a salient factor score of zero.[4]
2. Offense Characteristic:[5] Where there is also a complete lack of information which can appropriately be considered as bearing on the offense characteristic, the Commission must assign a presumptive parole release date at the lowest end of the matrix range for the offense.
3. Aggravating Circumstances: If after computing a proper matrix time range, using available information, aggravating circumstances are to be applied, the Commission is obligated both by statute and rule to explain the aggravating factors in writing, for the benefit of the inmate and to facilitate appropriate review. Baker v. Florida Parole and Probation Commission, 384 So.2d 746 (Fla. 1st DCA 1980).
The Commission is directed to afford the instant petitioners new hearings and establish for each a presumptive parole release date within sixty (60) days from the date of this order.
BOOTH, SHAW and WENTWORTH, JJ., concur.
NOTES
[1] Counsel asserts that "... the Commission is almost exclusively dependent upon the work product of another agency, over which it has no control or command. Further, that other agency has no legal obligation to this Commission to supply it with copies of pre- or post-sentence investigations except as the same are required by the sentencing court. Therefore, requests made by this Commission to that Department for production of those informational items may or may not be honored as fits the needs and policies of the Florida Department of Corrections." Id. Though the issue has never been properly brought before this Court, we believe the contention that the Commission is powerless in its dealings with the Department to be without merit. § 20.315(20), Fla. Stat. (1978), in directing that "there shall be only one offender based information and records system maintained by the Department of Corrections and the Parole and Probation Commission," goes on to require that in developing this system, the Department of Corrections shall consult the Parole and Probation Commission in order that such offender based information system be designed "to serve the needs of both agencies." § 945.10(3), Fla. Stat. (1979), states: "The Department of Corrections and the Commission shall mutually cooperate for the proper performance of the respective functions of each agency." Furthermore, § 947.174(3), Fla. Stat. (1978), states: "The Department shall, within a reasonable amount of time, make available and bring to the attention of the Commission such information as is deemed important to the review of the presumptive parole release date, including, but not limited to, current progress reports, psychological reports, and disciplinary reports." Under the terms of foregoing statutes, should the Commission determine that a particular piece of information is necessary for the Commission's required determinations and only the Department of Corrections had the resources to obtain that information for an inmate's file, the Commission may have not only the power but perhaps even the duty to initiate legal action to direct the Department to acquire the information for the Commission's use.
[2] Petitioner Battis, incarcerated prior to the 1978 enactment of the requirement that a presumptive parole release date must be set for all inmates, was interviewed pursuant to §§ 947.16 and 947.12, Fla. Stat., on June 7, 1979, for the purpose of establishing such a date. At the hearing, Battis was informed by the Commission examiner that no release date could be set for him because the Department of Corrections' files contained no presentence investigation report on him. The establishment of a presumptive parole release date was postponed "indefinitely". Subsequent hearings held during October and December, 1979, and February, 1980, concluded with the same result  no date set  postponed indefinitely pending receipt by the Commission of a PSI report. Complaints to prison officials produced no indication of when, if ever, such a report might be obtained. Petitioner Payne was treated in a similar manner with numerous scheduled parole hearings resulting in no presumptive parole release date. Petitioner Sutton, imprisoned in early 1966, was interviewed by a hearing examiner during August, 1979. A presumptive parole release date has yet to be established for him. The Commission has determined that in the absence of a PSI, it has insufficient records upon which to establish such a date.

The issues presented by Petitioners Battis, Payne and Sutton have been before this Court more than once in recent months. According to counsel for respondent, over two percent of all inmates presently incarcerated in the Florida Penal system may be without PSI reports sufficient to allow the Commission to establish a presumptive parole release date. This Court's response to previous petitions consisted of orders directing the Commission to show cause why such dates were not established. With the exception of Case No. TT-231, the Commission's reply to the Court order contained a newly established presumptive parole release date, thus satisfying the inmate's prayer and mooting the issue.
[3] The salient factor score converts into numerical values 7 categories of offender characteristics, based on prior criminal history. Rule 23-19.04, Objective Parole Criteria Guidelines, Fla. Admin. Code. The salient factor is an "actuarial parole prognosis aide" that can only be calculated where some objective information on prior history is available.
[4] Except where burglary is the present offense of conviction, in which case a salient factor score of "one" is computed. Rule 23-19.04(7), Fla. Admin. Code.
[5] The offense characteristic or offense severity rating reflects the present offense of conviction. Rule 23-19.01, Fla. Admin. Code.