395 So.2d 197 (1981)
Phillip JAMES, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. ZZ-169.
District Court of Appeal of Florida, First District.
February 13, 1981.
Rehearing Denied March 18, 1981.
Phillip James in pro. per.
No appearance for respondent.
PER CURIAM.
An inmate of the Florida prison system seeks to have this Court order the Florida Parole and Probation Commission to perform its statutory duty and set his presumptive parole release date. Petitioner asserts and the record indicates that the establishment of such a date has been twice "set off indefinitely" due to the alleged lack of a presentence investigation report.
We recently declared, in no uncertain terms, that the absence of such a report provides no grounds for the Commission's blatant failure to follow clear statutory requirements. Battis et al. v. Florida Parole and Probation Commission, 386 So.2d 295 (Fla. 1st DCA 1980). In Battis, we noted the frequency with which inmates necessarily sought the aid of this court to order the Commission to act according to the dictates of Chapter 947, Florida Statutes. Yet, despite our clear mandate in Battis, it is apparent that the Commission continues to ignore the requirements of Chapter 947. On nearly a daily basis, inmates still seek this Court's aid to "police" the Commission. We reluctantly find ourselves undertaking this unpleasant task. The Commission's action by failing to establish presumptive parole release dates subsequent to Battis, is evidenced by the recent string of petitions filed in this Court requesting us to order that such a date be set pursuant to the Statutes, Thompson v. Florida Parole and Probation Commission, Case No. ZZ-308 (Order entered January 28, *198 1981) (Fla. 1st DCA); McKinney v. Florida Parole and Probation Commission, Case No. ZZ-387 (Order entered January 28, 1981) (Fla. 1st DCA); Flythe v. Florida Parole and Probation Commission, Case No. ZZ-245 (Order entered January 13, 1981); Jackson v. Florida Parole and Probation Commission, Case No. ZZ-100 (Order entered January 13, 1981) (Fla. 1st DCA); Lasure v. Florida Parole and Probation Commission, Case No. ZZ-61 (Order entered January 13, 1981) (Fla. 1st DCA); Black v. Florida Parole and Probation Commission, Case No. YY-378 (Order entered December 21, 1980) (Fla. 1st DCA); Hahn v. Florida Parole and Probation Commission, Case No. XX-499 (Order entered October 21, 1980) (Fla. 1st DCA); Emory v. Florida Parole and Probation Commission, Case No. YY-120 (Order entered October 29, 1980) (Fla. 1st DCA); Anderson v. Florida Parole and Probation Commission, Case No. YY-207 (Order entered November 13, 1980) (Fla. 1st DCA); Conage v. Florida Parole and Probation Commission, Case No. YY-253 (Order entered November 18, 1980) (Fla. 1st DCA); Jeffrey v. Florida Parole and Probation Commission, Case No. YY-385 (Order entered December 10, 1980) (Fla. 1st DCA); Tripp v. Florida Parole and Probation Commission, Case No. YY-472 (Order entered December 10, 1980) (Fla. 1st DCA); and necessitates the reiteration of our holding in Battis in somewhat stronger terms.
Chapter 947, Florida Statutes (1980), requires the Commission to establish a presumptive parole release date within a certain period of time for each entitled inmate. The chapter contemplates an objective system, Section 947.02, Fla. Stat. (1980); the Commission may exercise its discretion only in limited circumstances with adequate explanation. Sections 947.165, 947.172, Fla. Stat. (1980); Baker v. Florida Parole and Probation Commission, 384 So.2d 746 (Fla. 1st DCA 1980).
While the rules and policy developed by the Commission apparently attempt to afford it the broad discretion it possessed prior to the enactment of the Objective Parole Guidelines Act of 1978, self-imposed informal requirements cannot negate clear statutory dictates. Just as the Commission may not choose an arbitrary term an inmate must serve, then justify it by applying various "aggravations", so too is the Commission prohibited from avoiding its duty altogether by refusing to establish a presumptive parole release date based on the lack of a particular report. Neither Chapter 947 nor the Commission's own rules specifically require a particular report be considered as a prerequisite for establishing a release date. In fact, reports such as post sentence investigation reports written years after their subject offenses were committed may fail to satisfy the requirements of competence and persuasiveness necessary to allow their consideration when applying aggravating or mitigating factors.[1]
We write the instant opinion to place the Commission on notice of our intended future action in cases of this nature. Forty-five days after the date this opinion is filed, should the Court receive inmate petitions with worksheets showing the Commission refused to establish a presumptive parole release date for an impermissible reason, and no date has yet been set for petitioner, absent exceptional circumstances we will remand the case to the Commission with directions to establish a date based upon the salient factor score and aggravating or mitigating factors as listed on the original *199 Commission worksheet. When no scoring has occurred in the salient factor score, the inmate must be assigned a salient factor score of zero. Battis et al. v. Florida Parole and Probation Commission, supra. Similarly, aggravations may not be applied later than 45 days from the date of an inmate's initial interview "except for reasons of institutional conduct or the acquisition of new information not available at the time of the initial interview". Section 947.16(4), Fla. Stat. (1979). While the Legislature intended that presumptive parole release dates be established for many of these inmates more than one year ago, Section 947.172(4), Fla. Stat. (1979), we will refrain from taking action concerning inmate's petitioning for aid and for establishment of such dates for 45 days to allow the Commission time within which to update its records and establish dates where needed, following which time we will require the Commission to act in accordance with the dictates outlined above in setting a date for an inmate whose consideration had been previously "set off indefinitely".
The instant petition for writ of mandamus is granted. The Commission is directed to establish a binding presumptive parole release date for petitioner James within 15 days.
SHIVERS, SHAW and THOMPSON, JJ., concur.
NOTES
[1] The danger of relying on a report written long after an inmate confinement to determine his presumptive parole release date is readily apparent. Section 945.10(2), Fla. Stat. (1980), precludes an inmate from reviewing the contents of the report should it be contained in the files of the Department of Corrections. Hernandez v. Wainwright, 371 So.2d 596 (Fla. 1st DCA 1980). Thus, the contents of the report is immune from challenge. No neutral panel reviews its competence or its persuasiveness. To allow the unsubstantiated hearsay generally contained in such reports to be the sole basis for the Commission's presumably objective decisions concerning an inmate's presumptive parole release date, despite recognition that no factors contained therein are subject to challenge, particularly by the inmate, would inevitably raise due process considerations. However, this issue is not now squarely before the court and thus need not be resolved in the instant case.