394 So.2d 1110 (1981)
Leon HOLSTON, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. VV-73.
District Court of Appeal of Florida, First District.
March 11, 1981.
Leon C. Holston, pro se, for petitioner.
Malcolm S. Greenfield, Gen. Counsel, Florida Parole and Probation Commission, Tallahassee, for respondent.
*1111 WENTWORTH, Judge.
Petitioner asserts that the Florida Parole and Probation Commission failed to establish a proper presumptive parole release date as mandated by Chapter 947, Florida Statutes, when it set petitioner's release date at "life." We agree.
The commission is not, of course, a sentencing court. It is charged with the responsibility of making sensitive decisions as to when release on parole is appropriate, based on objective parole criteria. An inmate entitled to such consideration is entitled to a binding presumptive parole release date as mandated by clear legislative language. Battis v. Florida Parole and Probation Commission, 386 So.2d 295 (Fla. 1st DCA 1980). "Date" is defined as "a statement or formula affixed (as to a piece of writing, inscription or coin) that specifies the time (as day, month and year)... . The point of time at which a transaction or event takes place or is appointed to take place; a given point of time." Webster's Third New International Dictionary (unabridged) (1967), at p. 576. We conclude that "life" is not an objective "date" either as defined in common usage or as required by context in Chapter 947.
By its own rule, the commission may establish a presumptive parole release date falling far beyond the sentence term imposed by the trial court. Rule 23-19.02(2)(e), Florida Administrative Code. Thus, a release date so distant as to be beyond a life expectancy may be proper for an inmate currently incarcerated if his criminal history so warrants. Such a date would appear to be within the legislative intent as expressed in the Objective Parole Guidelines Act.[1]
The Florida Parole and Probation Commission is directed to establish for petitioner a defined and particular binding presumptive parole release date within 45 days, if such has not already been established.
McCORD and LARRY G. SMITH, JJ., concur.
NOTES
[1] The Commission has made no showing of a rational basis for using "life" rather than a particular date, other than counsel's assertion that "nothing in Florida law posits a specific condition which requires a specific date for parole... ." The law does, however, mandate a "date," and, in the absence of evidence of an intent to use the term in an unusual sense, no express legislative definition should be required for an apparently unambiguous word.