407 So.2d 611 (1981)
Paul JACOBSON, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. XX-242.
District Court of Appeal of Florida, First District.
October 28, 1981.
On Rehearing December 11, 1981.
Rehearing Denied January 12, 1982.
*612 Paul Jacobson, in pro. per., for appellant.
Malcolm S. Greenfield, Gen. Counsel, Florida Parole and Probation Commission, Tallahassee, for appellee.
McCORD, Judge.
Appellant appeals the trial court's dismissal of his "Complaint for Declaratory Judgment and Injunction" which challenged the Florida Parole and Probation Commission's [Commission] recommendation of a presumptive parole release date for appellant. The Commission's discretionary action in establishing appellant's presumptive parole release date is subject to this Court's review by administrative appeal. See Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981). Since the appellant, an indigent representing himself, sought relief in the trial court and lodged his appeal here prior to our ruling in Daniels, we have considered the action taken by the Commission and, finding error, we reverse with directions to the trial court to implement our ruling which we now make.
Appellant is serving time in prison for "throwing, placing and detonating an explosive device" which resulted in bodily injury to the victim. On November 21, 1979, appellant received a parole hearing interview after which the parole examiners recommended a presumptive parole release date of April 28, 1992, which consisted of a 156-month matrix time range with a 24-month aggravation. The Commission approved that presumptive parole release date. It arrived at the 156-month matrix time frame by choosing Matrix Range VIII which lists: "Aggravated felony (serious injury)." The Commission then erroneously adopted the 24-month aggravation on the ground that the offense resulted in great bodily harm to the victim. At that time, appellant took his action to the trial court. After appellant had appealed the trial court's ruling to this Court, the Commission changed the wording of the 24-month aggravation to: "five year federal sentence consecutive to Florida sentence."
The Commission erred in aggravating appellant's 156-month matrix time frame with the 24-month aggravation because neither of the reasons given are valid aggravations. As to the first reason, § 947.165(1), Florida Statutes (1979), and Florida Administrative Code Rule 19.03 provide that the Commission shall not aggravate for a factor already considered in choosing the matrix time range. The federal sentence is an improper factor to consider for aggravation. It is not listed as an example of factors of aggravation pursuant to Florida Administrative Code Rule 23-19.03, and it is not similar in character to those factors listed as objective criteria for parole determination. Compare Baker v. Fla. Parole & Probation Commission, *613 384 So.2d 746 (Fla. 1st DCA 1980), in which the court stated:
... if the offense is not specifically listed in the Guidelines, it too must be explained by the Commission sufficiently to indicate the basis of comparison with an offense listed, Rule 23-19.05; . ..
We reverse and direct that the Commission strike the 24-month aggravation and establish a presumptive parole release date without including the aggravation time assigned.
REVERSED AND REMANDED.
SHIVERS, J., and LILES, WOODIE, A., (Retired) Associate Judge, concur.

ON MOTION FOR REHEARING
McCORD, Judge.
We have been asked to reconsider our ruling that the federal sentence was an improper factor to consider for aggravation because a sufficient explanation was not given by the Commission, as required by Baker v. Florida Parole and Probation Commission, 384 So.2d 746 (Fla.1st DCA 1980), for aggravating on that basis. Upon further reflection and re-examination of the Commission's action, we place greater emphasis on the fact that the Commission's statement of aggravation does relate that the federal sentence is consecutive to the Florida sentence, thereby indicating that it was imposed later in time than the Florida sentence and, therefore, was not considered in determining the salient factor score. It appears, therefore, from the record that, although the Commission's statement of aggravation could have been more informative, it does state with sufficient particularity a proper factor to consider for aggravation. We, therefore, recede from our previous ruling to the contrary and affirm the Commission's action.
AFFIRMED.
LARRY G. SMITH and SHIVERS, JJ., concur.