WENTWORTH, Judge.
This petition for writ of habeas corpus alleges that petitioner is entitled to a presumptive parole release date (hereinafter PPRD) of June 2, 1981, the date recommended by the hearing examiners since the Florida Parole and Probation Commission failed to notify him of his PPRD within 45 days of his initial parole interview. See § 947.16(4), Florida Statutes. Accordingly, the petitioner alleges that he is entitled to immediate release. For the reasons below, we find petitioner’s argument without merit and deny the petition.
On March 17,1981, petitioner received his initial parole interview and the hearing examiners recommended a PPRD of June 2, 1981. See § 947.172(2), Florida Statutes. The petition, filed more than 45 days after the initial interview, alleged that the Parole *1123 and Probation Commission had not yet established petitioner’s PPRD pursuant to § 947.16(4), Florida Statutes. Accordingly, this court issued a show cause order to the Parole and Probation Commission. The response to that order indicates that on May 13, 1981, prior to the time this petition was filed, the Parole and Probation Commission had established petitioner’s PPRD as June 30, 1988. Subsequently, the Parole and Probation Commission determined that petitioner should not be released until November 28, 1995. See § 947.18, Florida Statutes.
Petitioner relies upon James v. Florida Parole and Probation Commission, 395 So.2d 197 (Fla. 1st DCA 1981), for the proposition that the June 2,1981, date recommended by the hearing examiner is binding on the Parole and Probation Commission. Petitioner argues that the Parole and Probation Commission has violated § 947.16(4), Florida Statutes, and the rationale of James by applying aggravating factors more than 45 days after his initial interview. This argument is without merit. The rationale of James applies when the Parole and Probation Commission has set off indefinitely the establishment of an inmate’s PPRD for an impermissible reason, such as the lack of a pre-sentence investigation report, and when the Commission has not yet set a date for that inmate. We note that neither of these two conditions exists in the present case. The Parole and Probation Commission did not defer indefinitely the establishment of petitioner’s PPRD, and the Commission had established a PPRD for petitioner prior to the filing of this petition. Accordingly, petitioner’s reliance upon James is misplaced.
Petitioner’s remaining arguments are without merit. The petition for writ of habeas corpus is denied.
McCORD and LARRY G. SMITH, JJ., concur.