PER CURIAM.
On appeal from a determination by the Parole and Probation Commission setting petitioner James Lowe’s presumptive parole release date (PPRD), he raises a number of points which merit consideration with regard to the manner in which the date has been calculated.
Petitioner was convicted of “attempted robbery” (Case No. 79-18326), and in a separate case, he was convicted of “attempted robbery with a deadly weapon” and other charges (Case No. 79-19701).
In determining Lowe’s PPRD, the Commission correctly assigned him a salient factor score of seven due to various considerations, including a very lengthy past record. Based on his salient factor score, he was placed in a high matrix time range, receiving thirty-nine months because of the “attempted robbery” conviction (Case No. 79-18326). When a salient factor score of seven is involved, a matrix time range of 18 to 33 months would normally be assigned for “attempted robbery” [1], but in this case the Commission apparently took note of a pre-sentence investigation report that indicated Lowe had been armed while committing the attempted robbery (Case No. 79-18326). *353 Therefore, the Commission assigned Lowe to the proper severity offense characteristic for “attempted armed robbery.” See Rules 23-19.01(6); 23-19.05 IV, Fla.Admin.Code. The Commission then added 18 months outside the matrix time frame, because of the aggravating factor that, as shown in a pre-sentence investigation report, although only convicted of “attempted robbery,” Lowe had actually consummated the robbery.
Although we affirm the salient factor score determination, we find that the PPRD was based on the wrong severity offense characteristic and use of an improper aggravating circumstance outside the matrix time frame. The severity offense characteristic must reflect the offense for which Lowe was convicted. McKahn v. Florida Parole and Probation Commission, 399 So.2d 476, 478 (Fla. 1st DCA 1981); Rule 23-19.-01(1), Fla.Admin.Code. The written judgment in the record indicates that Lowe was convicted of “attempted robbery,” not “attempted robbery (armed),” as reflected by the Commission’s action form. Consequently, the Commission is required by its own rules to assign the severity offense characteristic for “attempted [unarmed] robbery.” Rule 23-19.05 III, Fla.Admin.Code. Pursuant to Rule 23-19.01(6), Florida Administrative Code, however, the Commission was justified in placing Lowe in the offense severity characteristic for unarmed robbery, since he had actually consummated the offense.
The Commission’s error herein was in taking notice of the armed nature of the attempted robbery in determining the severity offense characteristic and in thereafter aggravating for consummation of the offense. The consummation of the underlying offense in cases wherein the prisoner has been convicted of an attempt is an improper aggravating factor since it has already been considered, pursuant to Rule 23-19.01(6), in setting the severity offense characteristic. Jacobson v. Florida Parole and Probation Commission, 407 So.2d 611 (Fla. 1st DCA 1981); § 947.165(1), Fla.Stat. (1979).
Although it was improper for the Commission to consider the armed nature of the attempted robbery in setting the matrix time range, the Commission does have the discretion in certain instances to set a presumptive parole release date outside the matrix time frame based on an aggravating circumstance in which a dangerous weapon has been used in the commission of a crime. Rule 23-19.03(l)(a)l, Fla.Admin.Code.
Lowe further complains that the Commission’s action form, a typewritten document, notes that this is Lowe’s third attempted armed robbery. In fact, Lowe asserts that he has been convicted of only two attempted armed robberies. However, the Commission argues that there was merely a transcriber’s error made in transcribing information from the handwritten Commission voting sheet to the formal action form; that the handwritten voting sheet indicates that the assignment of 39 months was based on the fact that this was petitioner’s second attempted armed robbery and that the Commission will correct the transcription error on remand, if so ordered.
We have considered the other points raised by appellant and find them to be without merit.
AFFIRMED in part and REVERSED in part with directions to establish appellant’s PPRD consistent with this opinion.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.

. Rule 23-19.05 IV. 10., Florida Administrative Code, specifies a matrix time range of 24 to 39 months for an individual with a salient factor of 7 for conviction of unarmed robbery. Lowe, having been convicted of attempted robbery, would be placed in the next lowest offense characteristic as noted in Rule 23-19.05 III, Florida Administrative Code, because Rule 23-19.01(6), Florida Administrative Code, requires attempts to be scored one severity offense characteristic lower than the underlying offense.