McCORD, Judge.
James Lambeth, an inmate at the Avon Park Correctional Institution, appeals from a final order of the Florida Parole & Probation Commission (FPPC) setting his presumptive parole release date (PPRD).
Lambeth was found guilty of and sentenced to concurrent terms of imprisonment for aggravated battery and trespass while armed. After his initial parole interview, the hearing examiner’s panel assigned him a salient factor score of 1 and placed him in the “greatest (most serious — I)” offense characteristic risk category for a matrix time range of 38 to 59 months. Fla.Admin. Code R. 23-19.05. The panel aggravated the matrix time range by 12 months for the concurrent trespass while armed conviction and an additional 15 months for the following reason:
“Weapon used in attack on victim — 11 inch open box end wrench — victim was struck about the body causing great bodily damage.”
The FPPC adopted the panel’s recommendation. Lambeth timely requested review of this determination, but the FPPC found no good cause to modify his PPRD. This appeal ensued.
Section 784.045(1), Florida Statutes, defines aggravated battery as a battery where one “.. . (a) [intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or (b) [u]ses a deadly weapon.” Relying upon Section 947.165(5), Florida Statutes,[1] and Florida Administrative Code Rule 23-19.01,[2] Lambeth urges that the FPPC erred in aggravating his sentence for the use of a weapon in committing the offense because that factor is included in the definition of aggravated battery. At first glance, his argument would appear to have some merit. However, Section 784.045(1) defines aggravated battery as either causing great bodily harm in committing the battery or using a deadly weapon in committing the battery. Since only one of these two actions is necessary to consummate the crime, it is apparent that the sole factor utilized in determining the offense characteristic is the former circumstance of inflicting great bodily harm. Thus, the aggravating factor of “use of a weapon” is separate from and not included within the parameters of the defined offense characteristic. Accordingly, we find that the Commission’s written explanation, although a bit spare, sufficiently distinguishes that aggravating circumstance from the factors which determine the offense characteristic and the salient factor score. See Baker v. Florida Parole & Probation Commission, 384 So.2d 746 (Fla. 1st DCA 1980).
AFFIRMED.
ROBERT P. SMITH, Jr., C. J., and BOOTH, J., concur.

. ... Factors used in arriving at the salient factor score and the severity of offense behavior category shall not be applied as aggravating circumstances.

. If the aggravating or mitigating factor is included in the definition of the crime, or if the aggravating or mitigating factor has already been considered and utilized in compiling the salient factor score, such aggravating or mitigating factors shall not be applicable.