PER CURIAM
This is an appeal by appellant/inmate from a dismissal of his petition for writ of mandamus,[1] alleging that the Florida Parole and Probation Commission’s establishment of a presumptive parole release date *773 (PPRD) was not correctly determined. We affirm on all points, with the exception of one, which we find requires a remand to the lower court for further findings. Among other things, Fields’ petition for writ of mandamus claimed that the Commission’s final action aggravating his PPRD by 27 months was violative of Florida Administrative Code Rule 23-19.04(l)(h), because the aggravation took into account prior convictions occurring more than ten years before the present offenses of conviction, upon which the Commission based its PPRD.
The rule provides:
(h) Ancient Prior Record: If an offender has maintained a conviction free record in the community (do not credit any time spent in confinement) for a period of 10 consecutive years, convictions or commitments prior to such 10 year period should not be counted for computation of Rule 23-19.04(1), (6). However, this should not be construed as preventing consideration of such behavior as a negative indicant of parole prognosis (i.e., a possible reason for overriding the salient factor score) should the particular circumstances indicate (e.g., repetition of particularly serious or assaultive conduct). Similarly, a substantial crime free period in the community not amounting to ten years, while not removing consideration of convictions prior to such period, may in light of other factors indicate that the subject belongs in a better risk category than the salient factor score indicates.[2]
The aggravation in question merely states: “4. Offender’s salient factor score does not accurately reflect the risk the offender represents in that he incurred four (4) convictions, served two (2) prior prison terms and had his parole revoked during the period 1943 to 1946.” Fields alleges that the aggravation does not comply with the Ancient Prior Record Rule, in that first, the fact that he has remained crime-free for thirty-three years would be a reason to mitigate his PPRD and second, that those convictions were for forgery and auto theft, and bear no relation to the crimes for which he is now incarcerated. The Commission neither disputes nor affirms that the thirty-three-year-old convictions bear no relation to the present crimes. No documentary evidence was submitted to the lower court or to this Court.
The Commission has a statutory duty to specify with individual particularity the reasons for going outside the matrix time-frame to aggravate or mitigate. § 947.172(2), Fla.Stat. (1979). See also, Richardson v. FPPC, 417 So.2d 727 (Fla. 1st DCA 1982); Jacobson v. FPPC, 407 So.2d 611 (Fla. 1st DCA 1981); Battis v. FPPC, 386 So.2d 295 (Fla. 1st DCA 1980); and Baker v. FPPC, 384 So.2d 746 (Fla. 1st DCA 1980). It appears that under the Ancient Prior Record Rule the Commission must further state with individual particularity the circumstances that indicate the old crimes are appropriate aggravations. This the Commission has not done.
Accordingly, this cause is remanded to the trial court for the purpose of conducting further proceedings to determine whether the Commission inappropriately aggravated the PPRD by its consideration of certain convictions when the particular circumstances in Fields’ case do not reveal the old crimes are a negative indicant of parole prognosis. If the Commission is unable to show that the particular circumstances indicate that the thirty-three-year-old crimes should be used to aggravate Fields’ PPRD, then the lower court is directed to grant the petition for writ of mandamus in part by striking the twenty-seven-month aggravation.
AFFIRMED in part, REVERSED in part, and REMANDED for further consistent proceedings.
ERVIN, SHIVERS and WENTWORTH, JJ., concur.

. If the petition for writ of mandamus were filed after appellant had been placed on notice of our opinion in Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981), we would have dismissed the appeal due to appellant’s failure to exhaust administrative remedies.

. Amended effective September 10, 1981. See Fla.Admin.Code Rule 23-21.07(l)(h).