MILLS, Judge.
On 24 November 1975, Wright committed the crime for which he was later convicted. He was sentenced on 12 January 1981, and, after his initial interview on 6 January 1982, the Commission applied the matrix time ranges which came into effect on 1 September 1981 in order to establish his presumptive parole release date (PPRD).
Wright now asserts that application of these new ranges violates the ex post facto clauses of the state and federal constitutions. We disagree. Lopez v. Florida Parole and Probation Commission, 410 So.2d 1354 (Fla. 1st DCA 1982). Contrary to Wright’s contentions, we do not find Lopez distinguishable. Just as in Lopez, Wright committed his crime at a time when parole was within the discretion of the Commission. Section 947.16, Florida Statutes (1975). Therefore, there is no ex post facto violation in using the guidelines in effect on the date of the interview.
Wright’s contention that the Commission usurped judicial intent in setting his PPRD is likewise without merit. Holston v. Florida Parole and Probation Commission, 394 So.2d 1110 (Fla. 1st DCA 1981).
AFFIRMED.
ERVIN and WIGGINTON, JJ., concur.