THOMPSON, Judge.
Appellant seeks review of the determination of his presumptive parole release date (PPRD). Appellant argues, inter alia, that the Florida Parole and Probation Commission (Commission) erred in using “armed robbery” instead of “robbery” as one of his offenses of conviction and erred in aggregating two convictions to arrive at his PPRD. We reverse in part and affirm in part.
In establishing appellant’s PPRD, the Commission used “armed robbery” as one of appellant’s two offense characteristics and aggravated appellant for a concurrent robbery conviction. Appellant’s sentences reflect that he was convicted of two counts of “robbery” as opposed to two counts of “armed robbery.” Since the offense characteristic must reflect the actual offense of conviction, it was error for the Commission to use “armed robbery” instead of “robbery” as appellant’s offense characteristic. See Lowe v. Florida Parole and Probation Commission, 411 So.2d 352 (Fla. 1st DCA 1982); Fla.Admin.Code Rule 23-19.01.
The Commission separately scored appellant for breaking and entering and for armed robbery, and then aggregated the two scores. Appellant argues that this was error because his sentence for breaking and entering had allegedly expired on July 14, 1981, prior to his initial July 31,1981 parole interview. Fla.Admin.Code Rule 23-19.-02(2)(g), which was in effect at the time of appellant’s initial interview, expressly provided for aggregation in the instant situation. The current aggregation rule, Fla.Admin.Code Rule 23-21.11(3), also allows for the aggregation herein. Accordingly, we find no error in the instant aggregation, once the offense characteristic is reduced from “armed robbery” to “robbery” as directed above.
Appellant’s remaining arguments are without merit.
The order appealed from is reversed in part, affirmed in part, and remanded to the Commission for the establishment of an appropriate PPRD.
BOOTH and WENTWORTH, JJ., concur.