WIGGINTON, Judge.
Drake appeals from the final judgment of the trial court treating his petition for writ of habeas corpus as a writ of mandamus and denying same, and holding the Florida Parole and Probation Commission did not err in its establishment of Drake’s presump *375 tive parole release date.[1] Although we affirm on all ten points raised by Drake, Point VIII, regarding aggravation for a concurrent federal sentence, merits some discussion.
Among other aggravating factors, the commission adopted a 96-month aggravation for a concurrent “conviction for kidnapping by federal authority in 1973.” That conviction was properly not considered in determining the salient factor score, as it occurred subsequent to Drake’s present offense of conviction. Also, the commission’s statement of aggravation does state with sufficient particularity a proper factor to consider for aggravation. See Jacobson v. Florida Parole and Probation Commission, 407 So.2d 611 at 613 (Fla. 1st DCA 1981); see also Baker v. Parole and Probation Commission, 384 So.2d 746 (Fla. 1st DCA 1980).
Accordingly, the final judgment of the trial court is hereby AFFIRMED.
BOOTH and NIMMONS, JJ., concur.

. Drake’s petition was properly treated as one for mandamus since he sought relief in the trial court before our ruling in Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981).