ROBERT P. SMITH, Jr., Chief Judge.
Appellant Collins contends, among other things, that the Florida Parole and Probation Commission erred in computing his presumptive parole release date by using an improper salient factor score. Specifically, he urges that the Commission cannot rely upon a juvenile offense for which he was placed on probation in Arkansas to support its finding in the salient factor score that he has a prior conviction. See Fla.Admin.Code Rule 23-19.04(l)(e):
Conduct resulting in diversion from the judicial process without a specific finding of guilt (e.g., deferred prosecution, informal probation, pretrial intervention, probation without plea, adjudication withheld) is not counted in scoring (the salient factor score).
We disagree and affirm.
On August 27, 1979, a parole examiner initially recommended a presumptive parole release date of August 11, 1987. The full Commission, however, modified Collins’ salient factor score from “1” to “2” and set his presumptive parole release date at “life.” Collins then sought administrative review before the Commission and argued, as one of his issues, that the salient factor score had been improperly modified by use of this alleged juvenile probation in Arkansas. The Commission affirmed, and Collins sought no judicial review of the Commission’s order. Compare Canter v. Florida Parole and Probation Commission, 409 So.2d 227 (Fla. 1st DCA 1982).
On May 20, 1981, the Commission on its own initiative held a hearing to establish a proper presumptive parole release date to replace the improper “life” designation. See Holston v. Florida Parole and Probation Commission, 394 So.2d 1110 (Fla. 1st DCA 1981).[1] Upon administrative review before the Commission, Collins again unsuccessful *646 ly urged error in the Commission’s computation of his salient factor score. This appeal ensued.
Considering this sequence of events, we conclude that the contention now made is foreclosed because it is identical to the issue raised by Collins and considered by the Commission at his first section 947.173 review in 1979. See Broxson v. Florida Parole and Probation Commission, 425 So.2d 169 (Fla. 1st DCA 1983); McClain v. Florida Parole and Probation Commission, 416 So.2d 1209 (Fla. 1st DCA 1982); Gatto v. Florida Parole and Probation Commission, 415 So.2d 869 (Fla. 1st DCA 1982). The Commission’s special action in reestablishing his presumptive parole release date pursuant to the dictates of Holston did not reopen questions already decided by the Commission.
We have considered the other issues raised and find them to be without merit.
AFFIRMED.
LARRY G. SMITH and THOMPSON, JJ., concur.

. In Holston, this court held that the Commission may not simply set an inmate’s presumptive parole release date at “life,” as here, but must instead establish a date certain. 394 So.2d at 1111.