PER CURIAM.
Appellant was charged with and convicted of robbery. The trial court sentenced him on December 21, 1976, to a term of forty-five years and we affirmed.
Thereafter appellee caused a hearing examiner on September 27, 1979, to hold an initial interview with appellant pursuant to Section 947.172(1), Florida Statutes (1979). The examiner recommended on the Objective Parole Guidelines Worksheet that appellant’s presumptive parole release date be set at November 27, 1979. Appellee rejected the recommendation and set November 20, 1984, as appellant’s presumptive parole release date pursuant to Section 947.172(3), Florida Statutes (1979), Fla.Admin.Code Rule 23-19.03.
Following commission review, appellant filed a petition for writ of mandamus, attacking the following circumstance which appellee concluded as warranting thirty-six (36) additional months of incarceration:
The offender refused to cooperate in recovery of the stolen money although he had the capability to do so, and was offered sentencing concessions by the State if he would assist in the recovery.
Appellant argues that the foregoing aggravating circumstance violated his right to remain silent.
What appellant overlooks is Fla.Admin. Code Rule 23-19.03(l)(c)(l) which expressly provides that in decisions above the matrix time-frames contained in the Objective Parole Guidelines Worksheet, one of the reasons related to the Aggravating Offense Factor is the following:
The person has failed or refused to make restitution where he was able to do so.
The evidence at appellant’s trial established that $54,110 was taken from a Brinks’ employee en route from a department store to the Brinks’ truck. The employee identified appellant as the armed offender who stated to him, “All right. This is it. Let me have the bag.” The totality of the circumstances shows that appellant had control of the stolen money. That he failed or refused to make restitution is a factor which is completely and directly within the foregoing rule of the appellee-commission. Having no quarrel with the application of the rule in this case, we affirm.
AFFIRMED.
LETTS, C. J., and MOORE and GLICK-STEIN, JJ., concur.