399 So.2d 476 (1981)
Alcene McKAHN, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. AB-493.
District Court of Appeal of Florida, First District.
June 9, 1981.
Alcene McKahn, pro se.
Malcolm S. Greenfield, Tallahassee, for respondent.

ON PETITION FOR WRIT OF MANDAMUS
ERVIN, Judge.
Petitioner, an inmate, filed an original petition for writ of habeas corpus, alleging The Florida Parole and Probation Commission (hereafter referred to as the Commission) erred in setting his presumptive parole release date. Having received the petition seeking habeas corpus relief prior to the filing of our decision in Daniels v. Florida Parole & Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981), we treated it as a petition for writ of mandamus, pursuant to Florida Rule Appellate Procedure 9.040(c), and considered its merits. See Moore v. Parole and Probation Commission, 289 So.2d 719 (Fla. 1974).
The petition and its attachments show that on January 18, 1980, petitioner was *477 convicted for possession of three counts of a controlled substance (i.e., heroin, cocaine and dilaudid) and was given three five-year concurrent sentences. It also alleged that on December 17, 1980, the Commission reviewed a recommended parole date of February 16, 1982 and revised that date to September 17, 1982. The latter date was determined by taking into account a combination of various factors, including a salient factor score of zero, reflecting no significant criminal history, and an offense characteristic of "very high ... drugs: ... hard drugs possession with intent to distribute/sale (not exceeding $100,000)." The maximum matrix range term was derived by referencing these factors to the objective parole criteria guidelines, set out in Florida Administrative Code Rule 23-19.05, and the Commission aggravated that term by adding 13 months for a concurrent sentence.[1]
In his petition, McKahn contests two of the Commission's actions. He first claims that the Commission's rule treating concurrent sentences as equivalent to consecutive sentences for purposes of "aggravation" undermines the judicial sentencing function and is an invalid exercise of delegated legislative authority. See Fla. Admin. Code Rule 23-19.01(5). We decline to examine this issue by extraordinary writ, since ordinary avenues of appeal have not been exhausted. Comer v. Florida Parole and Probation Commission, 388 So.2d 1341 (Fla. 1st DCA 1980).
He next contends that his offense characteristic was incorrectly established. The documents in his appendix substantiate that he had been charged, convicted and sentenced only for simple possession of a controlled substance. Intent to distribute or sell drugs was nowhere reflected in petitioner's arrest affidavit, the informations filed against him, or the judgment and sentence of the court. Thus, petitioner asserts that his offense characteristic was excessively scored, and that under the Commission's objective system, the offense should have been scored in the range "low moderate ... simple possession of `hard drugs' (small quantity, personal use)."[2]
After reviewing the petition, and finding no factors explained on the examiner's worksheet, or on the final order of the Commission indicating that petitioner's actual offense behavior was more severe than simple possession of hard drugs, we issued a show cause order to the Commission directing it to respond to petitioner's claim within 20 days. Upon receiving no response, we next ordered the Commission to reduce petitioner's offense characteristic to "low moderate," and to reduce his presumptive parole release date accordingly. The day following the issuance of our second order, the Commission responded to our earlier inquiry, stating that it had, at a public meeting held on April 1, 1981, altered petitioner's offense characteristic to "low",[3] changed the salient factor score from "0" to "one",[4] added another aggravating factor of *478 eight months,[5] and reached the same presumptive parole release date as previously entered.
The Commission is apparently of the belief that it possesses the discretion to add factors, without a good cause explanation, after its final order has been entered establishing a presumptive parole release date, so long as the previously entered date is unchanged by the later order. This court cannot agree and finds that the statutes clearly point to a different conclusion.
Under the circumstances, the Commission was vested with no discretion to change the offense characteristic, or the salient factor score, or to add an additional aggravating factor in its determination of a parole date. Section 947.172(3) unambiguously states that a presumptive parole release date "shall become binding on the commission when agreement on a ... date is reached." The only explicitly stated exceptions to the binding effect of the date entered are "for reasons of institutional conduct or the acquisition of new information not available at the time of the initial interview." Section 947.16(4). Additionally, we are of the view that Section 947.16(4) should be considered in pari materia with Section 947.173(3), permitting the Commission to modify a parole release date "for good cause in exceptional circumstances." The record fails to show the applicability of any exceptional circumstance. What the Commission has sought to do here is to circumvent the effect of the statute precluding the changing of a presumptive parole release date  without showing the existence of any statutory exceptions, or offering any exceptional circumstances for the modification  by manipulating the criteria upon which parole decisions are made, thereby reaching the same date previously established. This it cannot do.
The purpose of the Objective Parole Guidelines Act of 1978 was to replace a system which had formerly decided parole solely by subjective methods. See Section 947.002 and Daniels v. Florida Parole and Probation Commission, supra. Under the present act, parole decisions can only be made after the Commission has applied objective parole guidelines to a specific factual situation. See §§ 947.165 and .172. The Commission is not at liberty to ignore, capriciously or arbitrarily, the expressed legislative intent of Chapter 947 or the Commission's own rules. Cf. James v. Florida Parole and Probation Com'n., 395 So.2d 197 (Fla. 1st DCA 1981). Florida Administrative Code Rule 23-19.01(1) explicitly states that "the offense severity rating shall reflect the present offense of conviction." The petitioner, as stated, was convicted for possession of heroin, cocaine and dilaudid. The only offense characteristic applicable to petitioner's conviction, as established by the Commission's rules, and as supported by the record, is simple possession of hard drugs, thereby requiring that the offense characteristic be placed in the category of "low moderate."
Finally, in the absence of a showing of either the statutory exceptions delineated under Section 947.16(4), or exceptional circumstances for good cause permitted by Section 947.173(3), the Commission had no discretion to increase the salient factor score or add an aggravating factor after it had previously entered its order fixing a presumptive parole release date. The import of the Objective Parole Guidelines Act is that if the Commission desires to alter factors affecting a parole decision, it must show reasons for the change, and support those reasons by a record foundation.
Accordingly, the writ of mandamus is granted. The Commission is directed to revise petitioner's offense characteristic to "low moderate," and delete both the additional salient factor score as well as the added aggravating factor applied for the *479 first time by the action taken on April 1, 1981, and then to establish petitioner's presumptive parole release date in conformity with the modified criteria.
It is so ordered.
ROBERT P. SMITH and McCORD, JJ., concur.
NOTES
[1] This aggravation was adequately explained on the Commission action forms, Baker v. Fla. Parole and Prob. Commission, 384 So.2d 746 (Fla. 1st DCA 1980), though the docket numbers of the concurrent convictions were absent.
[2] See Fla. Admin. Code Rule 23-19.05(v)(2).
[3] This is an obviously incorrect characteristic. The only drug-related offense characteristic in the "low (least serious)" range involves the possession of a small quantity of marijuana or soft drugs for personal use. Heroin is not a soft drug in Florida. See Fla. Admin. Code Rule 23-19.05, n. 5.
[4] We note that in 1979 the hearing examiner recommended to the Commission a salient factor score of 1, but the Commission ultimately did not do so. Perhaps the juggling of the salient factor score is a function of one file being used by the hearing examiner to discuss the parole process with an inmate and make a recommendation to the Commission, and a second, different file being used by the Commission to review the hearing examiner's recommendation. Invariably, the two files will contain different documents. Petitioner either has a prior conviction or he does not. If different files are used, the hearing examiner should list on the worksheet, by checklist or otherwise, every document contained in the institutional file considered at the parole hearing. Only then will Commission review of the recommendation be meaningful; review based on an entirely different record is improper  it nullifies any explanation offered by the inmate of facts presented at the initial hearing and imposes a heavy burden on an inmate to prove error in documents unknown to him when he believes his presumptive parole release date is incorrect.
[5] The new aggravating factor applied was explained as follows:

Offender had possession of the controlled substance with intent to sell as evidenced by the fact that he was in the process of selling $10 quantity to undercover officer Diaz when alarmed by the approach of a police car and attempted to flee ... 8 months.