409 So.2d 227 (1982)
George Muncie CANTER, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. AE-459.
District Court of Appeal of Florida, First District.
February 4, 1982.
*228 George Muncie Canter, pro se.
Rosa H. Carson, Asst. Gen. Counsel, Tallahassee, Florida Parole and Probation Commission, for appellee.
LARRY G. SMITH, Judge.
The appellant, George Muncie Canter, appeals an order of the Commission denying his request for review of his presumptive parole release date (PPRD). The appellee-Commission moved to dismiss the appeal as untimely, contending that appellant was actually seeking a second review of his PPRD which had already been reviewed by it under Section 947.173(1), Florida Statutes (1979), and affirmed by order entered some five months earlier. We agree with the Commission's position that appellant has no right to seek a second review under Section 947.173(1), and we further agree that since appellant did not seek review of the earlier establishment of his PPRD, his present appeal would be untimely for that purpose. Furthermore, we find no statutory or rule authority conferring upon inmate petitioners the right to a "special review" by the Commission.[1] Therefore, we affirm the Commission's denial of appellant's petition insofar as it claims the right to a "special review" on the basis of "new information," and we further find that even if considered by the Commission in its discretion, the information supplied by petitioner entitled him to no relief.
The facts are that appellant's PPRD was initially established on September 10, 1980. Appellant sought review pursuant to Section 947.173(1), Florida Statutes (1979), alleging that the Commission erroneously aggravated him upon the assumption that for separate offenses he had received a consecutive probation term and a jail sentence, when in fact the probation term was to run concurrently with the jail sentence. On December 18, 1980, the Commission affirmed his PPRD, and appellant sought no judicial review of the Commission's order. However, on May 25, 1981 appellant filed a "petition for review" with the Commission, in which he alleged that, subsequent to the Commission's affirmance of his PPRD, the trial court had entered an order correcting the sentence for the separate offenses by specifying that the jail sentence and the probationary term were to run concurrently, rather than consecutively. On the basis of this "new information," petitioner claimed the right to another review of his PPRD, basing his contention upon Section 947.16(4), which provides that subsequent to establishment of the PPRD, the Commission may, at its discretion, review and change the PPRD upon the acquisition of "new information not available at the time of the initial interview." Upon receipt of the petition the Commission treated it as an attempt to obtain a second review of his PPRD and declined to consider the "new information" furnished by petitioner.
Because of the multiplicity of petitions for review filed by inmate petitioners and the numerous appeals to this court resulting from the Commission's action in denying them, we think it is pertinent to *229 elaborate upon the limited review of the PPRD process pursuant to the statute and rules of the Commission. A PPRD is established in accordance with Section 947.172, and the inmate is entitled to one review by the Commission. Section 947.173, Florida Statutes (1979). Only one request for review is allowed, and only one review is required. Both the statute Section 947.173(1) and the applicable rule (Rule 23-16.051(3), Florida Administrative Code), require the filing of a request for review with the Commission within sixty days after the date of establishment of the PPRD, and both the rule and the statute require as a predicate to relief, that the request shall show cause "in writing, with individual particularities," the reasons for the requested review. (Section 147.173(1)). This administrative review or denial of the inmate's request constitutes final agency action and is appealable in accordance with the dictates of Section 120.68, Administrative Procedure Act, and the Florida Appellate Rules.[2] Neither the statutes nor the rules permit subsequent, amended, or supplemental requests for review setting forth new or additional grounds or reasons why the inmate contends the Commission erred in fixing his PPRD, and the Commission is at liberty to either ignore or summarily deny such additional requests for review. The Commission's refusal to entertain or consider such additional requests, or its denial, would not constitute final agency action which could serve as the basis for an appeal to this court.
Contrary to the assertion by appellant, there is no additional "right of review" conferred upon inmate petitioners by Section 947.16(4), Florida Statutes (1979). The PPRD, once established and affirmed upon review, if any, by the Commission, is binding upon the inmate, subject to judicial review as outlined in Daniels, by timely appeal to the court. This court has heretofore carefully considered and spelled out the binding effect of the PPRD process upon the Commission. James v. Florida Parole and Probation Commission, 395 So.2d 197 (Fla. 1st DCA 1981); McKahn v. Florida Parole and Probation Commission, 399 So.2d 476 (Fla. 1st DCA 1981). The only exceptions to the binding effect of the PPRD established, as held in McKahn, supra, are found in Sections 947.16(4), and 947.173(3). Under Section 947.16(4) the Commission is given the discretion to review the official record or conduct additional interviews with the inmate at its discretion, subject to the restrictions, however, that the PPRD "shall not be changed except for reasons of institutional conduct or the acquisition of new information not available at the time of the initial interview." This language must be read, according to McKahn, in pari materia with the expression of legislative intent contained in Section 943.173(3) which states: "It is the intent of this legislation that, once set, presumptive parole release dates be modified only for good cause in exceptional circumstances." While we recognize that the James and McKahn decisions were concerned with the statutes primarily in terms of the limitations they impose upon the Commission, rather than from the standpoint of inmate rights or remedies, it is clear from a plain reading of the statutes that their primary function is to set the parameters which must guide the Commission's discretion in altering an established PPRD.[3] These sections do not purport to provide for a second, alternative, or cumulative form of PPRD review.
On one point, however, we disagree with the position taken by the Commission on this appeal. That is, we consider that the order of the trial court entered *230 subsequent to appellant's Section 947.173 review correcting an error in sentencing qualifies as "new information not available at the time of the initial interview" within the purview of Section 947.16(4), so as to furnish a basis for the Commission, in its discretion, to determine whether this new information would warrant consideration of a change in appellant's PPRD. In this instance, of course, there is no merit whatever to petitioner's contention that he is entitled to any change, because the Commission's own rule provides that the Commission may treat consecutive and concurrent sentences in a like manner when applying aggravating factors. See Rule 23-19.01(5), Florida Administrative Code. The validity of this rule has not been challenged in these proceedings, and cannot appropriately be initially attacked in this court since adequate administrative remedies for that purpose are available. Section 120.54(5), 120.56, Florida Statutes (1979); Comer v. Florida Parole and Probation Commission, 388 So.2d 1341 (Fla. 1st DCA 1980).[4]
The Commission's motion to dismiss the appeal is granted. The Commission's action in denying review is affirmed.
McCORD, J., concurs.
WENTWORTH, J., specially concurs with opinion.
WENTWORTH, Judge, concurring specially.
I agree to the majority conclusion of affirmance.
NOTES
[1] There is, however, a regular statutorily mandated subsequent review for any inmate whose PPRD falls more than 2 years after the initial hearing date, and the review shall take place within 2 years after the initial hearing and every 2 years thereafter. Section 947.174(1), Florida Statutes. Section 947.174, subsection (2), providing that the Commission for good cause "may at any time" request subsequent review by a hearing examiner panel, merely implements Section 947.174, and coincides with the discretionary review authority conferred by Section 947.16(4).
[2] See Daniels v. State, 401 So.2d 1351 (Fla. 1st DCA 1981).
[3] The Commission's discretionary action in denying or refusing to consider an inmate's petition for review of "new information not available at the time of the initial interview" would be subject to review and reversal by a district court of appeal only upon a clear showing of "exceptional circumstances" rendering the Commission's action an abuse of discretion. Section 120.68(12), Administrative Procedure Act; Corte v. Dept. of Administration, Career Service Commission, 386 So.2d 875 (Fla. 1st DCA 1980).
[4] It should be noted that under the express provisions of Section 120.52(10)(d), Florida Statutes, prisoners (and parolees) have no access to Section 120.57 proceedings, and are thus barred from the remedy  available generally to substantially affected parties  of presenting a rule challenge in connection with other grievances cognizable under 120.57. See State ex rel Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977).