410 So.2d 989 (1982)
Terry WICKHAM, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. AG-372.
District Court of Appeal of Florida, First District.
March 15, 1982.
*990 Terry Wickham, in proper person, for appellant.
Rosa H. Carson, Asst. Gen. Counsel, Florida Parole and Probation Commission, Tallahassee, for appellee.
JOANOS, Judge.
Terry Wickham appeals from a final order of the Parole and Probation Commission setting his presumptive parole release date. The record indicates that he was convicted of robbery and in the course of committing the robbery carried a deadly weapon, to wit: a firearm, contrary to Section 812.13(2)(a), Florida Statutes (1979). There is sufficient information in the record to support a determination that in the course of the robbery he struck the victim
The Parole and Probation Commission's action form showed the offense of conviction as robbery and included aggravations of four months for the use of the firearm during the offense and fourteen months because the victim was struck several times during the offense.
Wickham filed for review of the presumptive parole release date (PPRD), asserting that he was convicted of armed robbery and not, as stated on the action form, robbery. He also contended that since the use of a weapon is included within the definition of armed robbery, it was improper for him to be aggravated for that factor. Rule 23-19.03(1)(a), F.A.C. Furthermore, he urged that since the act of force or violence is within the definition of armed robbery, the striking of the victim may not be used as an aggravation. Finally, Wickham contended that since the Commission committed "an irreversible error" by placing him in a lower category of the offense severity rating than is proper, it could not upon review raise the severity level. The Commission adhered to its original action and this appeal was taken with Wickham raising the same issues here as had been raised to the Commission.
On appeal, the Commission concedes that the offense severity rating for armed robbery should have been assigned rather than that for robbery and that when the prisoner has an offense severity rating based on a conviction of armed robbery, the Commission cannot further aggravate the person for the fact that he was armed. The question which is presented, then, is whether the Commission may now simply correct the scoring. We agree with the Commission that it may. The purpose of an appeal, whether administrative or judicial, is to correct error, and in this case the Commission acknowledges that it has committed an error. Our holding here is not contrary to this court's holding in McKahn v. Florida Parole and Probation Commission, 399 So.2d 476 (Fla. 1st DCA 1981). In McKahn this court ordered the Commission to reduce the prisoner's offense characteristic and to reduce the erroneous PPRD previously assigned to the prisoner. Instead of complying with this court's order, however, the Commission in McKahn added an aggravating factor and awarded the same PPRD as the Commission had previously set. This is distinguishable from the situation here where the Commission is requesting that it *991 be allowed to correct the very errors which have been called to its attention.
As for the aggravation for striking the victim, Wickham was charged with robbery "by force, violence, assault or putting in fear." For conviction, it is not necessary that the victim be struck. The circumstances here seem comparable to those present in Baker v. Florida Parole and Probation Commission, 384 So.2d 746 (Fla. 1st DCA 1980), wherein the prisoner complained, among other things, that an aggravation for "shots fired" on an armed robbery conviction was cumulative to the offense severity rating. In that case, this court specifically held that the actual use of the gun is more serious than the threat of its use because the possibility of serious bodily injury or death is greater when shots are fired than when a weapon is merely possessed during the course of the robbery. Similarly, in the instant case, the possibility of injury to the victim could reasonably be considered to be greater when the victim is struck than when the victim is only threatened with violence. Accordingly, it was not error for the Commission to add an aggravation for the striking of the victim.
Concerning the aggravation for the use of the firearm, this opinion should not be construed to mean that one may never be aggravated for the use of a firearm when one is convicted of armed robbery. In fact, Baker holds to the contrary. If there is some way in which the firearm is used which distinguishes it from simply being "carried," which is all that is required by Section 812.13(2)(a), and the Commission specifies that use with a written explanation which contains "individual particularities" which distinguish the aggravating circumstance relied on from the factors which determine the offense characteristic and the salient factor score, then aggravation may be appropriate. In the instant case, the Commission has conceded that the aggravation for the use of a firearm was improper because of the "armed robbery" conviction and has not asserted that the use of the firearm involved anything more than carrying it during the robbery.
AFFIRMED in part, REVERSED in part, and REMANDED for the corrections noted in this opinion.
BOOTH and SHIVERS, JJ., concur.