410 So.2d 1360 (1982)
Peter Steven BIZZIGOTTI, Appellant,
v.
FLORIDA PAROLE & PROBATION COMMISSION, Appellee.
No. YY-132.
District Court of Appeal of Florida, First District.
March 15, 1982.
*1361 Peter Steven Bizzigotti, pro se.
No appearance for appellee.
LARRY G. SMITH, Judge.
Bizzigotti appeals the circuit court's dismissal of his petition for writ of mandamus[1] for failure to state a cause of action. We have determined that the petition discloses improper action by the Florida Parole and Probation Commission in its use of aggravating factors to extend appellant's presumptive parole release date (PPRD). We reverse.
In its response to appellant's petition for writ of mandamus, appellee acknowledged its possible error in using "burglary" as the present offense of conviction as an aggravating factor adding nineteen months to appellant's PPRD. As appellee correctly concluded, the objective parole criteria guidelines make "the present offense of burglary a factor to be used in computing the salient factor score,[2] and it cannot be used again as an aggravating factor to extend the PPRD.[3] Consequently, after filing its initial response to appellant's petition, the Commissioner further reviewed appellant's PPRD and eliminated the nineteen-month aggravation for burglary. However, instead of revising the PPRD to reflect an earlier date, the Commission added a new aggravation of nineteen months[4]. In an addendum to its return to the order to show cause issued by the circuit court, the Commission reported this action to the circuit court, citing Rule 23-19.04(1)(h), "Ancient Prior Record,"[5] as the basis for its action. According to the Commission, appellant's convictions more than ten years ago, which were not used in calculating the salient factor score, and a subsequent conviction for possession of drugs and hit and run with *1362 injury, convinced the Commission of appellant's poor parole prognosis justifying the addition of nineteen months to his PPRD.
The procedure followed by the Commission has been condemned by this court in McKahn v. Florida Parole and Probation Commission, 399 So.2d 476 (Fla. 1st DCA 1981). Appellant's PPRD was established by Commission action prior to appellant's filing of his petition for writ of mandamus in the circuit court[6]. This date became binding on the Commission under Section 947.172(3), Florida Statutes (1979). McKahn, 399 So.2d at 478.[7] The statutes permit changes in the PPRD only under narrowly circumscribed conditions, those being "for reasons of institutional conduct or the acquisition of new information not available at the time of the initial interview," neither of which have been shown to apply here.[8] Id. at 478. Nor do we find any basis for the Commission to invoke the provisions of Section 947.173(3), permitting modification of a PPRD "for good cause in exceptional circumstances." See Canter v. Florida Parole and Probation Commission, 409 So.2d 227 (Fla. 1st DCA 1982).
We next consider the twelve-month aggravation applied by the Commission (though not recommended by the examiner) in its initial PPRD decision, explained as follows on the Commission action form: "Upon apprehension offender refused to provide information which may have resulted in recovery of large jewelry loss." In his petition for writ of mandamus appellant asserted that he has maintained his innocence and has remained silent from the time of his apprehension, throughout his trial by jury, and to this date. Therefore, appellant urges, the Commission's action is in derogation of his right to remain silent under the Fifth Amendment, United States Constitution, and Article I, Section 9, Florida Constitution. Furthermore, petitioner alleged and the record of the Commission's action verifies, that upon receipt of appellant's application for review under Section 947.173, Florida Statutes, the Commission gave no further particularities or explanation concerning the basis for the twelve-month aggravation.
We agree with appellant's contention that the Commission's consideration of his failure to provide information "upon apprehension," as a basis for extension of his PPRD, would amount to the exaction of a penalty for the exercise of his Fifth Amendment right to remain silent. We can see no reason why the exercise of rights fully protected under the Fifth Amendment, as interpreted in Miranda, and subsequent decisions, should subject an offender to a penalty after conviction any more than would the exercise of the right to trial by jury, suppression of evidence illegally seized under the Fourth Amendment, representation by counsel, or the assertion of other constitutional rights.[9] These allegations were sufficient to entitle appellant to relief by way of mandamus, and it was error to dismiss his petition. Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla. 1974).
The Commission cites Nelson v. Los Angeles County, 362 U.S. 1, 80 S.Ct. 527, 4 L.Ed.2d 494 (1960), in opposition to appellant's constitutional claim, asserting that the Fifth Amendment does not prohibit *1363 "potential civil repercussions" as a consequence of remaining silent, so long as the exercise of that right is not determinative of criminal guilt or innocence. We do not read Nelson as dispositive in this case. In Nelson, the court made it abundantly clear that California's statute, under which a state employee was discharged, was not predicated upon any "`built in' inference of guilt" arising from invocation of the right to remain silent, but solely on employee insubordination for failure to give information the state had a legitimate interest in securing. Id. at 7, 80 S.Ct. at 531. In other words, California did not employ a Fifth Amendment refusal to testify "as the basis for drawing an inference of guilt." Id. at 7, 80 S.Ct. at 531. The limitation upon the use of silence on the part of an accused as an inference of guilt, in non-criminal proceedings, was further reiterated in the more recent case of Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). There the court held that while it is permissible to draw an inference of guilt from an inmate's failure to testify in a prison disciplinary proceeding, guilt cannot be made to rest solely upon silence, but must be established by other evidence. Id. at 317, 96 S.Ct. at 1557.
To fault the Commission for its improper use of appellant's silence "when apprehended," however, is not to say that the Commission has no legitimate interest in the fact that a "large jewelry loss" occurred, or that appellant had the knowledge or ability to aid in its recovery, but failed to do so. The Commission's Rule 23-19.03(1)(a)2 specifically provides for consideration of "great ... pecuniary loss," and Rule 23-19.03(1)(c)1, "failed or refused to make restitution where he was able to do so," as aggravating circumstances. Under appropriate facts, we have no doubt that the use of these factors would be proper. See White v. Florida Parole and Probation Commission, 394 So.2d 472 (Fla. 4th DCA 1981); Roberts v. United States, supra, footnote 9.
Nevertheless, due primarily to procedural deficiencies contributed to by both parties, we have encountered some difficulties in arriving at a solution in the case before us. We observe, first, that the Commission's reference to a "large jewelry loss," coupled with the charge that appellant refused to provide information that might have led to its recovery, could conceivably, under either of the rules just mentioned, provide a rational basis for a PPRD outside the matrix time frames. However, the Commission has not attempted to relate its action to either of these rules; and the Commission's conclusory recitation explaining the aggravation does not offer any clue to the source or reliability of the facts assumed, and does not indicate at what point in the history of appellant's criminal prosecution, sentence, and incarceration, other than "upon apprehension," he was given an opportunity to provide helpful information.
Secondly, while appellant has appropriately challenged, on constitutional grounds, the Commission's reliance on his silence "upon apprehension" as grounds for aggravation, he has not questioned the factual accuracy of the Commission's reference to the large jewelry loss, nor has he directly disputed the inference that he has refused to divulge facts within his knowledge that could possibly have led to recovery of the jewelry.[10]
The crux of the matter is that the Commission has failed to comply with Sections 947.172(2) and (3), as well as Rule 23-19.03, in that it has not provided an adequate "written explanation" for the twelve-month aggravation. On the other hand, except for the challenge on constitutional grounds, appellant has not availed himself of the opportunity to respond to the Commission's factual assumptions embodied in the aggravation, although he had the opportunity and obligation to do so in his review request under Section 947.173. See footnote 10.
*1364 While we expressly reject the use of pre-conviction silence alone as an aggravating factor, we are of the opinion that an inmate's post-conviction conduct, including the inmate's failure to provide information which would or could possibly alleviate the injury flowing from his criminal actions, if shown by competent evidence to be within both his knowledge and ability, may appropriately be considered by the Commission as an aggravating circumstance to extend the PPRD beyond the matrix time frame. Roberts v. United States, supra. In such cases, no penalty can be exacted for silence in and of itself, Baxter v. Palmigiano, supra. But when knowledge on the part of the inmate is fairly established by the evidence, his failure to provide information which would enable the authorities to restore stolen property to its rightful owner may constitutionally be considered as bearing upon his eligibility for parole.[11] The inmate has the right, of course, to make known any countervailing circumstances, which the Commission then would be obligated to weigh and consider in arriving at its final decision. Rule 23-19.01(1); and see Baker v. Florida Parole and Probation Commission, 384 So.2d 746 (Fla. 1st DCA 1980).
We conclude that since the Commission's action in applying the twelve-month aggravation is constitutionally suspect, owing to its reference to appellant's silence "upon apprehension," appellant is entitled to have this aggravation stricken. However, because the Commission has sufficiently identified pecuniary loss and restitution factors as the basis for its action, we conclude that the McKahn decision would not preclude further consideration of aggravation on the same grounds on remand to the Commission.
Accordingly, the order appealed from is reversed and the cause is remanded to the circuit court for entry of a final judgment ordering the Commission to strike the twelve-month aggravation relating to the jewelry loss, without prejudice to the right of the Commission, in its discretion, to reinstitute an aggravation based on this factor not exceeding twelve months, in accordance with the applicable statutes and rules.[12] The final judgment shall also strike the nineteen-month aggravation based on the "Ancient Prior Record" rule, with prejudice.
REVERSED and REMANDED for entry of judgment and for further proceedings in accordance with this opinion.
MILLS, J., concurs.
ERVIN, J., concurs specially with opinion.
ERVIN, Judge, specially concurring.
The difficulty I have with permitting the Commission, in its discretion, to reinstitute an aggravation relating to a large jewelry loss is that I fear the taint affecting the first aggravation may also influence any possible decision in the future to aggravate, unless we attempt to ensure by appropriate directions that any such decision not be stigmatized by impermissible considerations.
If, following remand, the Commission considers it necessary to consider whether the inmate's presumptive parole release date should be aggravated, either because of the inmate's refusal to cooperate, or the large loss of jewelry, I think the Commission should be directed first to conduct a Section 120.57(1) hearing[1] addressed to the *1365 issue whether the Commission has sufficient, competent evidence before it, independent of the primary taint, to aggravate. Moreover, in order to avoid the same Fifth Amendment violation that infected the original decision to aggravate, any such hearing should be controlled by the following balancing test announced in Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), and adopted by us in Pasco Cty. Sch. Bd. v. Florida Public Emp. Rel. Comm., 353 So.2d 108, 117 (Fla. 1st DCA 1977):
If the hearing officer determines the decision of the [agency] was motivated by a non-permissible reason, the burden shifts to the [agency] to show by a preponderance of the evidence that notwithstanding the existence of factors relating to protected activity, it would have made the same decision affecting the [inmate] anyway.
The application of the Doyle test to those situations in which a colorable case is made that a presumptive parole release date was affected by impermissible considerations would, I think, be far more effective in preserving the integrity of the fact-finding process than would permitting the agency to reconsider an aggravation pursuant to the loosely structured procedure countenanced by the Commission's rules. Its application, under such circumstances, would serve also to ensure that the taint inhering in the original Commission order be attenuated at any later proceeding. Cf. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
NOTES
[1] Filed prior to our decision in Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981).
[2] Rule 23-19.04(7), Florida Administrative Code.
[3] See Section 947.165, Florida Statutes (1979), as amended July 1, 1979, effective retroactively to January 1, 1979, providing that factors used "in arriving at the salient factor score and the severity of offense behavior category shall not be applied as aggravating circumstances."
[4] The amended Commission action form explained the new nineteen month aggravating factor as follows:

The offender is a poorer parole risk than contemplated by the matrix scoring. He had separate 5 convictions and sentences served in New York prior to commission of the present offense which were not included in the salient factor score under the "Ancient Record Rule." He was arrested, following the present offense, on 6-6-77 and convicted of Possession of Drugs and Hit and Run With Injury, convicted and sentenced to one year TASC CALL [sic] Dade County jail.
[5] Rule 23-19.04(1)(h), "Ancient Prior Record," provides, in part, that if an offender has remained conviction free for a period of ten consecutive years, convictions and commitments prior to such ten year period should not be counted in the computation of prior convictions under the rules; however, the rule further provides that it does not prevent consideration of such prior convictions as a "negative indicant of parole prognosis," should the circumstances so indicate.
[6] Appellant timely filed his request for review under Section 947.173, pointing out with particularity the errors he later asserted in his mandamus action. The Commission failed to make any corrections.
[7] It should be obvious that we are not called upon by the facts of this case to consider the propriety of the Commission's use, in initially determining the PPRD, of convictions more than ten years old as a negative incident of parole prognosis, and a possible reason for overriding the salient factor score under Rule 23-19.04(1)(h). See footnote 5, supra.
[8] See Hall v. Florida Parole and Probation Commission, 408 So.2d 1076 (Fla. 1st DCA 1981); and Canter v. Florida Parole and Probation Commission, 409 So.2d 227 (Fla. 1st DCA 1982).
[9] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Roberts v. United States, 455 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980).
[10] Section 947.173(1), and the corresponding rule, Rule 23-16.051(3), Florida Administrative Code, provide that the inmate's request for review of Commission action shall show cause "in writing, with individual particularities," the reasons for the review request. See Canter v. Florida Parole and Probation Commission, 409 So.2d 227 (Fla. 1st DCA 1982).
[11] We agree that the first step toward rehabilitation may well be atonement, restitution, or other action or attitude demonstrating an offender's desire to right the wrong done. See Roberts v. United States, supra, cited in footnote 9. The Commission's Rules 23-19.03(1)(c)1, and 19.03(2)(c)1, 3, and others, are predicated upon this principle.
[12] Appellant shall have the right of review, under Section 947.173, of any revised ruling by the Commission relating to the jewelry loss, and any judicial review thereafter shall be had in accordance with Daniels v. Florida Parole and Probation Commission, supra, footnote 1. See also Holman v. Florida Parole and Probation Commission, 407 So.2d 638 (Fla. 1st DCA 1981).
[1] Although inmates do not have the right to request 120.57 hearings, see Section 120.52(10)(d), we are not similarly inhibited by the APA. Cf. Daniel v. Florida Parole & Probation Com'n., 401 So.2d 1351 (Fla. 1st DCA 1981).