PER CURIAM.
This cause is before us on review[1] from a final order of the Florida Parole and Probation Commission (Commission) setting petitioner’s presumptive parole release date (PPRD) at February 29, 2000. That date is the same date previously set by the Commission on May 9, 1979. Subsequently, petitioner filed for and received a review under Section 947.173(1), Florida Statutes (1979), which resulted in the Commission lowering his salient factor score and changing his offense characteristic from kidnapping to false imprisonment.[2] This resulted in a reduction of the matrix time range applicable to petitioner from 192-244 months to 24-39 months. However, in order to more accurately reflect the severity of petitioner’s offenses resulting in his present confinement, the Commission added aggravations, thereby increasing the length of time that petitioner would have to remain in prison before being paroled and ultimately resulting in no change in the PPRD originally set.
Petitioner contends that the Commission’s action violated Section 947.172(3), Florida Statutes, and McKahn v. Florida Parole and Probation Commission, 399 So.2d 476 (Fla. 1st DCA 1981). We find this contention to be without merit.[3] The aggravations to petitioner’s PPRD were added prior to this court’s review of the Commission action to correct what the Commission acknowledged to be error. Unlike McKahn, these changes are not contrary to any order of this court entered in this case.
In addition, we find that the Commission had good cause to add the aggravations. Petitioner’s career in the penal institutions of this state begins of record in 1972, when petitioner pleaded guilty to third degree murder and was placed in the custody of the Department of Youth Services. He was 16 years old at the time. In April of 1975, petitioner and another juvenile ran away from the Putnam County START Center, by shooting the director and taking a portion of his gun collection and his automobile. They then robbed, at *602 gunpoint, some people in their home and abducted a young man. Next, they rode a bus to Chicago, where they robbed a cab driver and were arrested.[4] Finally, after being returned to Florida to answer the charges lodged against him, while being held at the Putnam County jail in May of 1976, petitioner escaped from that facility. He received sentences totaling 100 years for the above crimes.[5]
However, we find that the Commission erred in: (1) considering a conviction which was later vacated in setting the PPRD;[6] and (2) failing to use the armed robbery conviction in setting the severity level, contrary to Section 947.165(1), Florida Statutes (1979), and Florida Administrative Code Rule 23-19.01(5).[7]
Accordingly, the Commission is ordered to review petitioner’s file and establish a PPRD using the guidelines in effect at petitioner’s Section 947.173(2) review, which need not be the same as the PPRD previously established.[8]
BOOTH, SHIVERS and JOANOS, JJ., concur.

. Petition, filed prior to our decision in Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981), is reviewable as petition for writ of mandamus.

. Petitioner was convicted under § 805.01, Fla. Stat. (1973), which did not differentiate between false imprisonment and kidnapping; both were second degree felonies. Section 805.02 defined kidnapping for ransom, a first degree felony. The Commission’s guidelines differentiated radically between kidnapping and false imprisonment. See Fla.Admin.Code Rule 23-19.05. Therefore, the Commission action changing petitioner’s crime from kidnapping to false imprisonment is consistent with the statutes and the guidelines in effect at the time of the commission of the crime and at the review of petitioner’s PPRD.

.Wickham v. Florida Parole and Probation Commission, 410 So.2d 989 (Fla. 1st DCA 1982):
In McKahn this court ordered the Commission to reduce prisoner’s offense characteristic and to reduce the erroneous PPRD previously assigned to the prisoner. Instead of complying with this court’s order, however, the Commission in McKahn added an aggravating factor and awarded the same PPRD as the Commission had previously set.

. Petitioner pleaded guilty to the robbery in Chicago receiving a four-year sentence. He will be returned to Illinois to serve the balance of his conviction for acts committed in Chicago upon his release from the custody of the Florida Department of Corrections.

. The original judgment and sentence totaled 105 years; but, in Zygadlo v. State, 341 So.2d 1053 (Fla. 1st DCA 1977); the five-year conviction for use of a firearm in the commission of felonies was vacated. It is notable that, although petitioner has made the Commission aware of this, the Commission action sheet continues to reflect the vacated conviction as an aggravating factor.

. The Commission may not use invalid convictions when establishing a PPRD. See Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.1974). However, aggravating a prisoner’s PPRD for use of a firearm during the commission of a crime is legal. Fla.Admin. Code Rule 23-19.03(l)(a)-1, and Wickham v. Florida Parole and Probation Commission, 410 So.2d 989 (Fla. 1st DCA 1982).

. Section 947.165(1), Fla.Stat. (1979), provides: “The objective parole guidelines shall be ... based on the seriousness of offense and the likelihood of favorable parole outcome.”
Fla.Admin.Code Rule 23-19.01(5) provides: “If present offense of conviction involved multiple separate offenses, the severity level shall be based on the most serious of the offenses, and the other offenses may be used as aggravating factors.” Although the Commission is not required to consider the sentences imposed by the trial judge, it is notable in this case that petitioner received a 75-year sentence for the first degree felony conviction for armed robbery and only a 15-year sentence for the second degree felony conviction for kidnapping/false imprisonment. When the Commission changed the style of petitioner’s offense from kidnapping to false imprisonment, it was error not to utilize the armed robbery conviction as the offense characteristic. Under Fla.Admin.Code Rule 23-19.05, armed robbery with petitioner’s salient factor score of seven, carries a matrix time range of 32-57 months, a potential increase of 18 months more than the matrix time range for false imprisonment.

.The reestablishment of petitioner’s PPRD may be extended or reduced, but no effect upon the Commission’s action at petitioner’s biennial review, where his PPRD was reduced 12 months based upon his good institutional conduct, is intended hereby.