416 So.2d 1209 (1982)
Nathaniel McCLAIN, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. AH-341.
District Court of Appeal of Florida, First District.
July 16, 1982.
Nathaniel McClain, pro se.
Catherine L. Dickson, Asst. Gen. Counsel, Tallahassee, Florida Parole and Probation Comm'n, for appellee.
SHIVERS, Judge.
Appellant McClain seeks judicial review, pursuant to § 120.68, Fla. Stat. (1981), of *1210 the Florida Parole and Probation Commission's (Commission) refusal to grant a § 947.173, Fla. Stat. (1981), review of Commission biennial action. See § 947.174(1), Fla. Stat. (1981). The Commission's final order declining to grant a review stated that the issues presented by McClain involved the Commission action that originally established his presumptive parole release date (PPRD), that only Commission action at the biennial review could be considered; and therefore, the issues were untimely raised. Appellant alleges that the Commission erred in declining to grant review. Appellee/Commission has filed a motion to dismiss this appeal, claiming that the Commission's action denying review is not final agency action that is appealable. Appellee relies on Canter v. Florida Parole and Probation Commission, 409 So.2d 227 (Fla. 1st DCA 1982), and Hall v. Florida Parole and Probation Commission, 408 So.2d 1076 (Fla. 1st DCA 1982). We find that those cases are not applicable to § 947.173(1) review requests of Commission biennial action.
In both Canter and Hall, supra, the inmates had sought and received § 947.173 reviews of the establishment of their PPRDs. Neither appealed the Commission action to this court. Several months after receiving the final order of Commission action, the inmates again petitioned the Commission for subsequent reviews, pursuant to § 947.16(4), Fla. Stat. (1981),[1] alleging that they had new information which required the Commission to grant subsequent reviews. The Commission declined to grant special reviews, because the information was not in fact new or would have no effect on the inmates' PPRDs. The inmates appealed to this court, alleging both that the Commission erred in refusing to grant the second review requests and arguing the issues raised and considered at their initial § 947.173 reviews. We found that the Commission has no obligation to grant special reviews but that §§ 947.16(4) and 947.174(2), Fla. Stat. (1981),[2]permit the Commission to conduct special reviews when the circumstances warrant such action. Therefore, the Commission's denials of the inmates' review requests were not final agency actions which would be appealable to this court. As a consequence, we further found that the issues raised by the inmates involved the Commission's final agency actions at their § 947.173 reviews which had occurred over 30 days before the inmates filed notices of appeal in this court. We had no jurisdiction to review the Commission's final agency action. See Fla.R. App.P. 9.110(b) and (c).
That is not the situation in the case before us. Both the Florida Statutes and the Commission rules grant inmates the right to a review of Commission action establishing a PPRD. See § 947.173, Fla. Stat. (1981), and Fla. Admin. Code Rule 23-21.12. In Canter, we said, "This administrative review or denial of the inmate's request constitutes final agency action and is appealable in accordance with the dictates of Section 120.68, Administrative Procedures Act, and the Florida Appellate Rules." (emphasis added) Canter, supra, at 229. While we were referring to agency review of its initial action establishing an inmate's PPRD, the Commission grants and we review on appeal, § 947.173 reviews of Commission biennial action.[3] We conclude that the Commission's denial of review in appellant's case does constitute final agency action which is appealable to this court.
*1211 Under the circumstances, appellee's motion is not proper. Motions to dismiss should be used primarily for procedural and jurisdictional issues. Whenever possible, courts should decide cases on their merits, rather than on procedural grounds. See Sebree v. Salcedo, 390 So.2d 801 (Fla. 3rd DCA 1980); Jockey Club, Inc. v. Blake, 297 So.2d 44 (Fla. 3rd DCA 1974). In this regard, a motion to quash as frivolous is appropriate when the court can determine from a cursory examination of the record that the issues on appeal are wholly without merit. See Ex parte Sams, 67 So.2d 657 (Fla. 1953); Norfleet Holding Co. v. Price, 132 So. 643 (Fla. 1931); Ruff v. Guaranty Title and Trust Co., 99 Fla. 197, 126 So. 383 (1930); Morris v. Rabara, 145 So.2d 265 (Fla. 2nd DCA 1962); § 59.33, Fla. Stat. (1981); and Fla.R.App.P. 9.300 and commentary. In the instant appeal, however, the record has not been filed; appellee has instead attached exhibits to its motions to dismiss.
Therefore, the motion to dismiss is denied.[4]See Crichlow v. Equitable Life Assur. Soc. of United States, 138 So. 481, 103 Fla. 959 (1931). However, we find from examination of appellant's brief and appellee's exhibits that the issues raised by appellant are res judicata because they are identical to the issues raised by appellant and considered by the Commission at appellant's first § 947.173 review, over two years ago.[5] We therefore affirm the action of the Commission declining to grant review of the issues again raised by appellant at his biennial review.
MILLS, J., and VICTOR M. CAWTHON, Associate Judge, concur.
NOTES
[1] Section 947.16(4) provides in part, "Subsequent to the establishment of the presumptive parole release date, the Commission may, at its discretion, review the official record or conduct additional interviews with the inmate.
[2] Section 947.174(2) provides, "The Commission, for good cause, may at any time request that a hearing examiner conduct a subsequent hearing according to the procedures outlined in this section. Such request shall specify in writing the reasons for such review."
[3] The Commission's denial of review in appellant's case was executed on a Commission form styled "Review Request Commission Action". Additionally, we implied in Canter, supra, at fn. 1, that inmates may seek limited review of their PPRDs at their statutorily mandated biennial reviews.
[4] Appellant is appealing Commission action declining to grant review. The issue on appeal is whether the Commission erred in refusing to consider the issues raised by appellant in his § 947.173(1) review request. Appellee should argue, in an answer brief with appropriate support, that its action refusing to grant review is correct. See Fla.R.App.P. 9.210(b) and (c).
[5] We note, however, that there may be occasions when issues raised at the first § 947.173 review and again at the § 947.173 review of biennial action may be properly before the court. Specific examples would include, but not be limited to: (1) when there is a clear clerical or mathematical error in the calculation of theinmate's PPRD; (2) when the inmate raised a constitutional issue which the Commission, as an administrative agency, had no authority to consider; and (3) when the inmate has additional proof, i.e., new information, on an issue that would have an effect on his PPRD, and failed to meet the standards of proof at the first § 947.173 review.