PER CURIAM.
On May 18, 1982, this Court published an opinion mandating the Florida Parole and Probation Commission (Commission) to recalculate Faucett’s presumptive parole release date (PPRD), using the most serious conviction as the offense characteristic and applying his lesser convictions as aggravating factors. We also stated that the Commission biennial review action, wherein Faucett’s original PPRD was reduced 12 months for his good institutional conduct, should be reflected in the recalculated PPRD. See Faucett v. Florida Parole and Probation Commission, 413 So.2d 1282 (Fla. 1st DCA 1982). The mandate was issued on June 3, 1982.
On July 2, 1982, Faucett petitioned this Court to compel the Commission to comply with our earlier mandate. We issued an order to show cause, to which the Commission responded that Faucett’s PPRD was scheduled for review on July 28, 1982, the same day the response was filed. Shortly thereafter Faucett replied and moved for an expedited hearing, indicating that the Commission had established a new PPRD *766 by action certified on August 9, 1982. In the reply he alleges that the Commission did not comply with our earlier mandate, did not abide by judicial decisions, and did not comply with its rules when it established the new PPRD.
First, Faucett claims that the Commission failed to credit him with the 12-month reduction of his PPRD that was given at his biennial review and ordered in our earlier opinion to be credited to his newly established PPRD. Indeed, the Commission order before us does not credit him with the reduction. We therefore order the Commission to reduce Faucett’s PPRD 12 months.
Second, Faucett claims that the Commission added aggravations that were known at the time his original PPRD was established, but were not then mentioned. For the Commission to add those aggravations now is allegedly in violation of McKahn v. Florida Parole and Probation Commission, 399 So.2d 476 (Fla. 1st DCA 1981). We disagree. In McKahn we ordered the Commission to correct the inmate’s salient factor score and to reduce his PPRD accordingly. In Faucett’s case, we simply ordered the Commission to recalculate his PPRD using the most severe conviction as the offense characteristic and granted leave to use the other convictions as aggravations. One purpose for applying aggravating factors is to permit the Commission to reflect the actual circumstances of the inmate’s offenses. See Fla.Admin. Code Rule 23-19.01(1). In this case, therefore, it was proper for the Commission to change the previous aggravations. See Zygadlo v. Florida Parole and Probation Commission, 414 So.2d 600 (Fla. 1st DCA 1982), and Wickham v. Florida Parole and Probation Commission, 410 So.2d 989 (Fla. 1st DCA 1982).
Finally, Faucett claims one of the aggravations is cumulative because it is for committing three crimes, each of which was already used to aggravate his matrix time. We disagree. The Commission’s written reason clearly indicates that the aggravation is for committing two robberies and a criminal false imprisonment while Faucett was on escape from incarceration for a conviction of possession of a firearm by a convicted felon. Aggravating for being on escape during the commission of other offenses is appropriate under Fla.Admin.Code Rule 23-19.03.
We therefore find that Faucett’s correct PPRD is November 15, 1982, and order the Commission to reduce his PPRD of November 15, 1983, by 12 months based upon the Commission’s biennial review action. Having found that no further relief is due, we reject the other issues raised in this petition.
ROBERT P. SMITH, Jr., C. J., and McCORD and BOOTH, JJ., concur.