PER CURIAM.
We have before us appellee’s motion to accept late brief, appellant’s motion for sanctions for appellee’s tardy service of the answer brief, and appellee’s motion to strike appellant’s appendix in that the documents contained therein are not part of the record and were not presented to the Florida Parole and Probation Commission (Commission) for its consideration during Arlot-ta’s § 947.173, Fla.Stat. (1981), review. Appellant contends that the documents are in his Department of Corrections file and should have been considered by the Commission, so should be before the Court. Ap-pellee contends that to admit the appendix would result in the Court having to decide factual issues. We grant appellee’s motion to accept a late brief, deny appellant’s motion for sanctions, and grant, for the following reasons, appellee’s motion to strike appellant’s appendix.
Section 120.68(5)(c), Fla.Stat. (1981), dictates that the record for judicial review be compiled by the agency and that it contain the final order plus documents considered by the agency prior to its action. Theoretically, Arlotta cannot know if the documents contained in his appendix are in his Department of Corrections file, because § 945.10(2), Fla.Stat. (1981), prohibits revealing the contents of the Department of Corrections file to the inmate. Further, even if the documents are in his Department of Corrections file, that is no guarantee that the Commission was aware of them.
Section 947.173(1), Fla.Stat. (1981), requires the inmate to set forth “in writing, with individual particularities,” the reasons for the review request. If Arlotta takes issue with factual predicates relied upon by the Commission in its action, he should have done so at his § 947.173 review; the documents in question should have been presented to the Commission at that time. See Bizzigotti v. Florida Parole and Probation Commission, 410 So.2d 1360, 1363 (Fla. 1st DCA 1982).
This Court’s function under the Administrative Procedure Act, Chapter 120, Florida Statutes, is to review agency action to determine if it is supported by the record. Documents not made part of the record and not presented to the agency for consideration cannot be considered by this Court.[1] Accordingly, appellant’s appendix to his initial brief is stricken.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH and WENTWORTH, JJ., concur.

. This action does not preclude appellant Arlot-ta from submitting the documents to the Commission for consideration as new information. Section 947.174(2), Fla.Stat. (1981), permits the Commission to grant special reviews in its discretion and when it determines that it is appropriate to review. See McClain v. Florida Parole and Probation Commission, 416 So.2d 1209, 1210 (Fla. 1st DCA 1982).