JOANOS, Judge.
Appellant asserts that the Parole and Probation Commission committed several errors in assigning his presumptive parole release date. We disagree and affirm.
(1) The number of months assigned appellant exclusive of aggravating factors was within the matrix time range for his offense set forth in the rules. Adequate administrative remedies are available for rule challenges. Canter v. Florida Parole and Probation Commission, 409 So.2d 227 (Fla. 1st DCA 1982).
(2) The Commission properly aggravated appellant’s concurrent sentences pursuant to Rule 23-19.01(5), Fla.Admin.Code. Griggs v. Florida Parole and Probation Commission, 420 So.2d 367 (Fla. 1st DCA 1982); Sala v. Florida Parole and Probation Commission, 414 So.2d 263 (Fla. 1st DCA 1982); Perkins v. Florida Parole and Probation Commission, 414 So.2d 264 (Fla. 1st DCA 1982).
(3) The Commission did not err in using amended parole guidelines in effect on the date of appellant’s interview. Given the factual setting, this case is controlled directly by Lopez v. Florida Parole and Probation Commission, 410 So.2d 1354 (Fla. 1st DCA 1982).
(4) Appellant has shown no error in his evaluation using the “recidivist criminal factor” of the guidelines.
AFFIRMED.
SHAW and WIGGINTON, JJ., concur.