WIGGINTON, Judge.
Cook, an inmate at Sumter Correctional Institution, appeals from final commission action which followed his 1981 biennial interview.
Appellant committed his crimes in August, 1975, and received two concurrent sentences for robbery and sexual battery. In 1979, the commission established a presumptive parole release date of February, 1986. At the end of 1981, Cook received his regularly scheduled biennial interview at which time the hearing examiner recommended that Cook’s PPRD be reduced by twenty-four months because of several self-help programs he had completed and because he had received no major disciplinary reports. The commission approved a reduction in PPRD, but only twelve months.
In essence, Cook seeks to utilize the biennial review to relitigate the initial tentative parole release date. Such is improper. Gatto v. Florida Parole and Probation Commission, 415 So.2d 869 (Fla.1st DCA 1982). Even taking cognizance of that, the issues raised by Cook are without merit.
The commission neither erred in using guidelines in effect on the date of appellant’s interview, Lopez v. Florida Parole and Probation Commission, 410 So.2d 1354 (Fla.lst DCA 1982), nor by aggravating Cook’s score using concurrent sentences pursuant to Rule 23-19.01(5), Florida Administrative Code, Sala v. Florida Parole and Probation Commission, 414 So.2d 263 (Fla.lst DCA 1982); Perkins v. Florida Parole and Probation Commission, 414 So.2d 264 (Fla.1st DCA 1982); Glisson v. Florida Parole and Probation Commission, 420 So.2d 336 (Fla.lst DCA 1982).
Finally, a review of the record shows that although Cook has completed self-help programs, as the examiner found, he has also received two disciplinary reports that were not mentioned by the examiner. The commission was justified in its determination and the final action is affirmed.
SHAW and JOANOS, JJ., concur.