PER CURIAM.
Broxson appeals from the Parole Commission’s order refusing, upon biennial review of his presumptive parole release date, to consider alleged errors committed during the establishment of his parole date two years ago. Jurisdiction of this appeal was temporarily relinquished for the Commission to correct a clerical error. See McClain v. Florida Parole and Probation Commission, 416 So.2d 1209, 1211 at fn. 5 (Fla. 1st DCA 1982).
*170 The special Commission action certified June 18, 1982, is affirmed. The Commission’s action declining to address issues raised in Broxson’s biennial review request, certified October 20, 1981, is otherwise affirmed. See Cook v. Florida Parole and Probation Commission, 423 So.2d 492 (Fla. 1st DCA 1982); Sheets v. Florida Parole and Probation Commission, 423 So.2d 464 (Fla. 1st DCA 1982); Johnson v. Florida Parole and Probation Commission, 423 So.2d 480 (Fla. 1st DCA 1982); Myers v. Florida Parole and Probation Commission, 423 So.2d 481 (Fla. 1st DCA 1982); Dornau v. Florida Parole and Probation Commission, 420 So.2d 894 (Fla. 1st DCA 1982); McClain v. Florida Parole and Probation Commission, 416 So.2d 1209 (Fla. 1st DCA 1982); and Gatto v. Florida Parole and Probation Commission, 415 So.2d 869 (Fla. 1st DCA 1982).
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and WENTWORTH, JJ., concur.