NIMMONS, Judge.
We affirm the Commission’s determination of Calloway’s presumptive parole re *301 lease date (PPRD). He was convicted of murder in the second degree. Calloway committed a robbery and used a firearm during the course of committing the murder.
He was properly aggravated for the commission of the robbery pursuant to Rule 23-21.10(2), Fla.Admin.Code. Robbery is not an element of the crime of second degree murder, nor was it used to calculate his salient factor score or included in the severity of offense behavior.
He was also properly aggravated for the use of the firearm. Rule 23-21.10(4)(a)l.a., Fla.Admin.Code. As in the case of the other above aggravating factor, use of a firearm is not an element of the crime of second degree murder, nor was it used cu-lating Calloway’s salient factor score or in-' eluded in the severity of offense behavior.
Under Rule 23-21.08, Fla.Admin. Code, a decision outside the matrix time range may be considered where “the actual offense behavior was more or less severe than the present offense of conviction.” One purpose for applying aggravating factors is to permit the commission to reflect the actual circumstances of the inmate’s offense. Faucett v. FPPC, 419 So.2d 765 (Fla. 1st DCA 1982).
We have examined the other points asserted by Calloway and likewise find them to be without merit.
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.