DANAHY, Chief Judge.
The Florida Parole and Probation Commission (the Commission) appeals an order issuing a writ of mandamus to the Commission directing that it establish a presumptive parole release date (PPRD) for the appellee without including three aggravating factors which the Commission had previously considered in setting the appellee’s PPRD. We reverse.
In 1981 the appellee was charged with and convicted of sexual battery with the use of physical force and violence not likely to cause serious personal injury, a second degree felony under section 794.011(5), Florida Statutes (1981). He was adjudicated an habitual offender and sentenced to a prison term of twenty years.
In February of 1983, the Commission established the appellee’s PPRD to be March 1, 1992. That date was determined as follows. The severity of offense behavior was for sexual battery, a second degree felony. The commission assessed two points in the salient factor score (SFS). The Commission assessed one point in category 1 for “number of prior criminal convictions” and another point in category 4 based on “age at offense which led to first incarceration.” No points were assessed under category 5, “number of probation, parole of MCR revocations.”. With the scored offense being a second degree felony, and with an SFS of two, the appellee’s matrix time range fell in the twenty-six to thirty-two months range. The Commission set the appellee’s score at the top of the *1244 range, thirty-two months, and then added ninety-two months, for a total of 124 months, by assessing the following three aggravating factors:
(1) Court adjudicated subject as habitual offender.
(2) PSI reflects subject was on probation at time of offense.
(3) PSI reflects that victim was physically assaulted in the facial area by subject’s fist.
In 1985 the appellee filed a petition for writ of habeas corpus in the Circuit Court for Polk County asserting that the three aggravating factors applied by the Commission were improper and the appellee was entitled to release on parole. The trial judge treated the petition for writ of habe-as corpus as a petition for writ of mandamus [1] and granted the petition, directing the Commission to establish a PPRD without including the three aggravating factors set forth above.
The trial judge did not state in his order the reasons for his decision. We assume that the appellee argued to the trial judge, as he argues to this court on appeal, that the three aggravating factors improperly duplicate the severity of offense behavior category and the points assessed in the SFS. The appellee points out that section 947.165(1), Florida Statutes (1985), provides that factors used in arriving at the SFS and severity of offense behavior category shall not be applied as aggravating circumstances. Florida Administrative Code Rule 23-21.10(2) similarly provides that the following aggravating factors shall not be used: (a) element of the crime; (b) information included in calculating the salient factor; (c) information included in the severity of the offense behavior; or (d) charges for which a person was acquitted after trial. We agree with the Commission that there is no forbidden duplication in the three aggravating factors used to calculate the appellee’s PPRD.
The appellee argues that since he received one point in category 1 for “number of prior criminal convictions,” the first aggravating factor — that the appellee was adjudicated an habitual offender — duplicates the assessment of that point. The Commission counters with the argument that the adjudication of habitual offender status requires more than the existence of prior criminal convictions and that when an offender receives an enhanced sentence based on habitual offender status, the Commission is justified in extending his PPRD • to reflect the enhanced sentence. The Commission is correct. Adjudication of habitual offender status requires more than the mere existence of prior criminal convictions, as this court explained at length in Fleming v. State, 480 So.2d 715 (Fla. 2d DCA 1986). We approve the first aggravating factor used in determining the ap-pellee’s PPRD.
The appellee has presented no argument on this appeal with regard to the second aggravating factor, the fact that he was on probation at the time of the offense,' presumably because only twelve months were added to the PPRD by reason of that factor and he has already served twelve months beyond his matrix time range. In any event, this aggravating factor is permissible. Aggravation is properly applied in establishing a PPRD when the offender committed his present offense while on probation for a previous crime. Calloway v. Florida Parole & Probation Commission, 414 So.2d 655 (Fla. 1st DCA 1982).
Our greatest concern is with regard to the third aggravating factor. We note that the appellee does not attack the sufficiency of the evidence relied on by the Commission to establish that factor, which was the appellee's PSI. Nor does the appellee at any time state that he did not in fact physically assault the victim in the facial area with his fist. The appellee sticks to his basic position that this aggravating factor *1245 was a duplication because it was part of the severity of offense category. The ap-pellee’s position seems to be that striking the victim in the face with his fist is the use of physical force or violence not likely to cause serious personal injury. The Commission takes the opposite position, arguing that striking a person in the face with one’s fist is not a necessary element of the sexual battery offense of which the appel- ,- lee was convicted, and that hitting the victim in the face with his fist is excessive force very likely to result in serious personal injury.
The question then seems to be whether the Commission may properly aggravate an offender’s PPRD based on a factor which might have justified charging the offender with a higher degree of crime than that with which he was actually charged.[2] We answer the question in the affirmative, noting first that one purpose for applying aggravating factors is to permit the Commission to reflect the actual circumstances of the offender’s offense. Faucett v. Wainwright, 419 So.2d 765 (Fla. 1st DCA 1982). Further, we note that Florida Administrative Code Rule 23-21.-10(2) .specifically permits aggravation based on information supporting a count of an indictment that was dismissed as a result of a plea agreement. Aggravating factors may reflect crimes committed by the offender for which he was not charged. Calloway v. Florida Parole & Probation Commission, 431 So.2d 300 (Fla. 1st DCA 1983). By analogy, we believe the Commission is permitted to assess an aggravating factor for conduct more severe than the elements of the crime with which the offender was actually charged. We approve the third aggravating factor in this case.
Accordingly, we reverse the order of the trial judge granting mandamus with directions that the appellee’s petition be denied. Unless and until changed by action of the Commission, the appellee’s PPRD will remain at March 1, 1992.
Reversed and remanded.
SCHEB, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.

. Judicial review of a presumptive parole release date is available only through the writ of mandamus. Griffith v. Florida Parole & Probation Commission, 485 So.2d 818 (Fla.1986).

. Sexual battery with the use of force likely to cause serious personal injury is a life felony. 794.011(3), Fla.Stat. (1985).